WILLIAM C. RANNEY, Respondent, *v.* HERMAN BAEDER, Appellant.

1. *Court, County—Railroads, subscription to—Agents — Bonds — Reasonable certainty—Statute, compliance with.*—Where a county issues its bonds to a railroad, if there was reasonable certainty in the manner of voting and ordering the subscription, and the subscription was made to the road authorized, and the other provisions of the statute were complied with, such bonds are valid.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown*, for appellant, cited Strouse v. Drennan, 41 Mo. 300 ; The State *ex rel.* L. &' St. L. R.R. v. Saline County Court, 45 Mo. 247; The State, to use of Neal, v. Saline County Court, 48 Mo. 390.

*Louis Houck*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was sheriff and collector of Cape Girardeau county, and as such coerced the payment of $67 from the plaintiff, being the amount of a special tax levied on his real estate in Cape Girardeau township, to pay off the accruing interest on certain railroad bonds issued by the county on behalf of the township. The plaintiff then instituted this action in trespass against the defendant, alleging that the bonds were illegal and void, and issued without any authority of law.

The answer sets out in detail all the proceedings which led to the issuance of the bonds to show their legality. It recites the petition of at least fifty citizens, tax-payers and residents of Cape Girardeau township, to the County Court, stating that they were desirous of having more railroad communications, and that the Legislature had changed the charter of the I. M., C. G. & B.

Railroad, permitting the road to start at the City of Cape Girardeau, in said township, running in a southwest direction through the township, thence by way of Whitewater through or near Bloomfield, in Stoddard county, Mo., to some desirable point on the State line, granting to the road franchises equal if not superior to any railroad in the State. The petitioners then stated their belief that the tax-payers of the township were willing to subscribe $150,000 to the capital stock of the said railroad enterprise, the same to be in bonds of sufficient denomination, payable in twenty years, bearing interest at the rate of 8 per cent. payable annually. The petition then asked the court to order a special election for the purpose of ascertaining the will of the voters of said township in relation to such subscription. Upon the presentation of the petition the court made an order reciting the substance thereof, stating that it prayed the court to order an election to test the willingness of the people of said township whether or not the court should subscribe the sum of $150,000 in behalf of said township for the purpose of constructing a railroad commencing at the city of Cape Girardeau, running in a southwest direction to some desirable point on the State line.

The order reciting the terms of the proposed subscription stated the amount, the number of years the bonds were to run, the rate of interest, when payable, and in all things conformed to the petition. It provided for an election in accordance with the law controlling elections, required the necessary notices, and appointed judges. The election was regularly held, and 376 votes were cast for subscription and seven votes against it. The abstract of the vote was certified to the County Court, and thereupon it was ordered that the court subscribe $150.000, in the name of the county, for and in behalf of the said township, to the capital stock of the company, on the terms heretofore stated, which were set out in full. The whole proceeding was strictly in pursuance of the statute. (Wagn. Stat. 313, § 51 *et seq.*)

The assessment and levy, which is the subject of this suit, was made for the purpose of paying the annual interest on the bonds. On motion of plaintiff the court struck out all that part of the answer setting up the petition, the orders of the court, the election

and subscriptions, as constituting no defense to the action, and then gave judgment against the defendant.

In support of the judgment of the court below it is contended that the whole proceeding was void for indefiniteness; that no particular road was designated, either in the petition or order of court, and therefore the action of the County Court was simply a nullity.

*Id certum est quod certum reddi potest* is a well-established maxim of law. That is sufficiently certain which can be made certain; and this may be done either by express words, or by words which may by reference be reduced to a certainty. In The State, etc., v. Saline County Court, 45 Mo. 242, no sum was specified, the voters left the amount undetermined, and there was nothing to show an intention on the part of the voters to subscribe for any particular amount; consequently, no tribunal was authorized to infer or assume that any given sum was intended. In the case of Marsh v. Fulton County, 10 Wall. 676, the law of Illinois authorized counties to subscribe to the capital stock of railroad companies and to pay for the same in county bonds, provided such subscriptions were previously sanctioned by a majority of the qualified voters of the county. The board of supervisors of Fulton county submitted the question to the voters, whether the county should subscribe $75,000 to the capital stock of the Mississippi & Wabash Railroad Company, and after the election ordered the clerk to subscribe the stock and issue the bonds. Subsequently the Legislature changed the charter of this company, separated the road into three divisions, and authorized the stockholders in each division to elect separate boards who should each manage its own division. After this separation the clerk made the subscription to the central division, and the court decided that this division was a different corporation from the one to whose stock the board of supervisors, under the authority of the election, had ordered him to subscribe, and that the subscription was not authorized by the vote. The people authorized the subscription to be made to the capital stock of one company, and the clerk made the subscription to the stock of another company. This he had no power to do.

The two cases just referred to show that there must be reasonable certainty in the matter of voting and ordering the subscription, and that the subscription must be made to the road authorized in the power delegated to the agent. Tested by these principles, we think the subscription in this case was entirely valid. The original petition, which was the inception of the proceeding, stated that the charter of the I. M., C. G. & B. Railroad had been changed so as to make it start at the city of Cape Girardeau, and run in a southwest direction, through or near Bloomfield, to the State line. By reference to the act it will be seen that the charter of the corporation spoken of was changed so as to be called the "Cape Girardeau & State Line Railroad," and power was given it to construct a railroad from the city of Cape Girardeau, in a southwesterly direction, through or near the town of Bloomfield, in Stoddard county, to the State line. (Sess. Acts 1869, p. 77.)

This was the road directly mentioned in the petition, and all the subsequent orders and proceedings speak of a road commencing at the city of Cape Girardeau and running in a southwesterly direction, etc. There is no pretense that there was any other road in existence or contemplated. The references and intention are unmistakable and are sufficiently certain.

As no other fault is found with the proceeding, and as every step taken seems to have been done in a formal and regular manner, I entertain no doubt about the validity of the subscription. The objections urged are entirely too refined and technical. The court erred in striking out the answer and assuming that it constituted no defense, and its judgment will be reversed and the cause remanded. The other judges concur.