————o————

JAMES F. SEIBERT, *et al.*, Respondents, *vs.* SETH BOTTS, JR., *et al.*, Appellants.

1. *Schools—Selection of site for sub-district school house.*—The directors of a school sub-district have no power of their own mere will or discretion to select a site for a school, but the selection must be made at a meeting of the voters called for that purpose. (Wagn. Stat., Ed. 1872, p. 1244, § 12.)

*Appeal from Linn Court of Common Pleas.*

*G. D. Burgess and A. W. Mullins*, for Appellants.

*G. W. Easley*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs filed their petition for an injunction in which they stated that the defendants were the directors of a certain school sub-district, and that by an order of the

local directors, the clerk of the board gave notice, in the manner required by law, that on a certain day there would be a meeting of the qualified electors of said sub-district, to select a school house site therein ; that the voters did assemble in pursuance of said notice, and selected one acre of land, which was owned by one of the plaintiffs, who offered to convey it for school purposes ; that the defendants threatened, and were about to build the school house on a different site than the one selected by the electors assembled, to the great injury of the plaintiffs, etc.

The answer put in issue all the allegations in the petition, and for a further defense averred, that the directors had selected a different site from the one mentioned in the petition, the title to which had been donated to them, and that they were about to erect a school house thereon.

All that portion of the answer which set up new matter, and which was not a denial of the allegations in the petition, was stricken out.

When the cause was heard before the court, it appeared that the notice had been given by order of the board, for the electors to assemble to determine on a site for a school house, but the record as to the action taken by them in reference to the location or site of the house, was excluded by the court ; but no exception was taken to the ruling. That evidence, therefore, is not before us for consideration. The court, however, granted the plaintiff's prayer, and made the injunction perpetual.

The record presents but one question for decision, and that is, whether the directors have the power of their own mere will and discretion, to select a site, or whether the selection must be made at a meeting of voters called for that purpose. The only provision in the school law, which has a direct bearing on, and must govern and control this question, is section 12. (2 Wagn. Stat., p. 1244, Ed. 1872), which reads as follows: "When in the opinion of the board of directors, the public good may require the selection of a school house site, or that any school property should be disposed of, they shall call a

meeting of the voters of the sub-district, having the qualifications as prescribed by section sixteen of this act, stating the object of such meeting, and when thus assembled, they shall determine by a majority vote. If the decision be in favor of a selection of a new site, or of the sale of such property, it shall be the duty of the clerk of the sub-district to transmit to the township clerk a certified copy of such proceedings."

This section obviously intended that the people who are most deeply concerned and are directly interested, should have the selection of the site. Indeed, the language employed will bear no other interpretation. When, in the opinion of the board of directors, the selection of a school house site is required, a meeting of the voters is to be called, and when they meet they shall determine where the site shall be, by a majority vote. Language can scarcely be made plainer. The will of all the voters of the sub-district is to be consulted, and whatever a majority of them may determine, it may reasonably be supposed, will be for the general convenience. So at least thought the legislature.

The provision was intended to guard, and if faithfully carried out, will have the effect of guarding against the abuse which might happen if a few individuals were allowed to make the selection. In such a case, their private interests or individual convenience might be consulted, to the great detriment of a large majority.

I, therefore, have reached the conclusion that the judgment should be affirmed. All the judges concur, except Judge Sherwood, who is absent.