RANNEY, *Plaintiff in Error*, v. BADER.

1.  **The Township Railroad Aid Act** of March 23rd, 1868, is unconstitutional, and bonds issued under it are illegal and void, (following *State ex rel. v. Brassfield* and *Webb v. Lafayette County*, ante pp. 331, 353.)

2.  **Illegal Taxes:** TAX-PAYER'S REMEDY. No action can be maintained against a collector by one who has been compelled to pay taxes levied to meet the interest on illegal bonds, for the recovery of the amount. The remedy of the tax-payer is a proceeding to arrest the collection of the tax, (following *Rubey v. Shain*, 54 Mo. 207).

*Error to Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Louis Houck* for plaintiff in error.

*Lewis Brown* for defendant in error.

NORTON, J.—This suit was instituted in the circuit court of Cape Girardeau county, to recover the sum of $67, which it is alleged the defendant, as sheriff and collector of said county, had collected from plaintiff by coercion, the same having been·levied on his real estate situated in the township of Cape Girardeau, in said county, as a special tax, to be applied to the payment of interest on certain railroad bonds issued by said county on behalf of said township to the Cape Girardeau & State Line Railroad. It is also alleged in the petition that all the proceedings of the county court in levying the said tax and issuing the bonds were without authority of law and void.   The defendant admits in his answer the collection of the sum sued for, and sets up, by way of justification, that the bonds for the payment of the interest on which the tax was levied, were valid and lawful, and that the tax was assessed according to law.   The principal recitals of the answer may be found in the case of *Ranney v. Bader*, 50 Mo. 600.   All allegations of the answer were denied by replication, and a trial was had, resulting in a judgment for defendant, from which plaintiff has prosecuted his writ of error to this court.   The various objections made to the reception of evidence, and the giving and refusing instructions during the progress of the trial, present but two questions for our determination.   1st.   Were the bonds out of which the interest originated, and for the payment of which interest the tax was levied and collected, issued by authority of law?   2nd.   If issued without any lawful authority, can the plaintiff recover for the enforced payment of the taxes assessed and levied to pay the interest on them?

1.   The bonds out of which the present controversy arose, were issued by the county court of Cape Girardeau

1. THE TOWNSHIP RAILROAD AID ACT. county, on behalf of Cape Girardeau township in said county, under the act of March

23rd, 1868, (Acts 1868, p. 92). The evidence introduced on the trial shows that there were 619 registered and qualified voters in said township, and that at the election held for the purpose of testing the willingness of the people of said township to subscribe $150,000 of stock for the purpose of constructing a railroad commencing at the city of Cape Girardeau, running in a southwest direction to some desirable point on the State line, only 376 votes were cast in favor of the subscription, which lacked 36 votes of being two-thirds of the qualified voters of said township. The first question presented must, therefore, under the authority of the cases of the *State ex rel. Woodson v. Brassfield et al.*, and *Webb v. Lafayette County, ante* pp. 331, 353, be answered in the negative.

2. The bonds being void because they were issued without authority of law, it, therefore, follows that the tax

*2. ILLEGAL TAXES: tax-payer's remedy.* levied to pay the interest on them was illegal. While this is so it does not follow that the defendant, who as collector enforced its payment, is liable to be sued therefor. In the case of *Rubey v. Shain*, 54 Mo. 207, it was expressly held that the collector who had collected taxes which had been assessed for the purpose of paying interest on an illegal and void subscription made to a railroad company by the county court, was not liable in an action brought against him by a tax-payer to recover back the amount of tax so collected from him. This case is not deemed to be in conflict with those which decide that a tax collector is held to the same degree of responsibility which attaches to sheriffs and constables, nor with the cases of *State to use, &c. v. Shacklett*, 37 Mo. 280, and *Glasgow v. Rowse*, 43 Mo. 439, in which the collectors were held liable on the ground that the property taxed was not subject to taxation, and that the illegality of the tax was apparent on the face of the tax-books placed in the hands of the collector, and disclosed the fact that no jurisdiction existed to levy the tax. While not in conflict with the principle announced in those cases, it is in harmony with

that announced in the case of *St. Louis Mutual Life Ins. Co. v. Charles,* 47 Mo. 466, where it was held that the collector need only inquire whether the assessor had jurisdiction over the property, that is, whether it was taxable in any form, and he need not trouble himself about the regularity of the proceedings. If the tax-list shows jurisdiction, he is protected. " It was the collector's duty to collect the tax, unless the assessment was void, and it could not be said to be void if the property was subject to taxation." It was also held in case of *N. M. R. R. Co. v. Mc-Guire,* 49 Mo. 483, that when the property is liable to be taxed in any form, though irregularly assessed, the collector would not be liable to the tax-payer for the amount collected. In the case of *Rubey v. Shain, supra,* which we think decisive of the second point we are considering, it was held that when the property was liable to taxation, and the assessor's book superintended and sanctioned by the county court, ordered the collection of the tax, the collector would be exonerated from liability, and that when the assessment is illegal or when it is based on the illegal act of the county court, the remedy of the tax-payer must be by a proceeding to arrest the execution of the illegal assessment and collection of the tax.

This may be done by *certiorari* under the authority of the cases of the *State ex rel. v. St. Louis County Court,* 47 Mo. 594, and *State ex rel. v. Dowling,* 50 Mo. 134, in which it was held that the action of the county court, in assessing taxes, was judicial in its character, and that a writ of *certiorari* would lie to review its action in that respect. It may also be done under the authority of the case of *Newmeyer v. Mo. & Miss. R.R. Co.,* 52 Mo. 81, by any tax-payer who may for himself, and on behalf of all other tax-payers similarly situated, by bill in equity, assail the illegal acts of county courts in respect to assessing and levying taxes. Judge Ewing, in the opinion of the court, cites approvingly the case of *Wood v. Draper,* 24 Barb. 187, in which it was held " that it must be regarded as the settled law of this court

that it will grant its aid to restrain, by injunction, the imposition of any tax or burden on the tax-payer, contrary to law, on a complaint filed by any tax-payer on his own behalf, as well as on behalf of others similarly interested." It may also be done under authority of the case of the *State v. Saline County Court*, 51 Mo. 352, where it was held that the State, through its Attorney-General, or other proper law officer, might maintain a proceeding, by injunction, to restrain the imposition and collection of an` illegal tax.

It is said the above cases are not in strict accord with the cases of *Deane v. Todd*, 22 Mo. 92; *Sayre v. Tompkins*, 23 Mo. 445; *Barrow v. Davis*, 46 Mo. 394; *Leslie v. City of St. Louis*, 47 Mo. 478; *Steines v. Franklin County*, 48 Mo. 176, which assert the doctrine that courts of equity will not interfere, by injunction, to restrain the collection of an illegal and void tax. The distinct ground upon which the court based its conclusion was, that in such cases courts of equity would not interfere, because there was a complete remedy afforded to the injured party by an action at law against the officer.

There is, however, another ground of equitable jurisdiction which reconciles the conclusion reached in the case of *Newmeyer v. Mo. & Miss. R. R. Co.*, and *Rubey v. Shain*, *supra*, with the cases above cited, viz: that equity will maintain jurisdiction to prevent multiplicity of suits, and no stronger case could be put for entertaining jurisdiction under this rule, than is presented, when one tax-payer for himself and all other tax-payers of a township or county, similarly interested, brings his bill, asking the chancellor to put forth restraining process to prevent the imposition and collection of an unauthorized tax, and thus settle in one suit, what it would take hundreds and, perhaps, thousands to do, if such relief were denied, and the parties subjected to the payment of such tax were driven, each one, to his action at law for redress. Following the case

of *Rubey v. Shain, supra*, the judgment is affirmed, on the ground that the collector is not liable.

All concur in the conclusions reached, so far as it is based on the non-liability of the collector, except Judge SHERWOOD, who dissents. Judges SHERWOOD and HENRY concurring in the views expressed in regard to the act of 1868, and the bonds issued under it; Judge NAPTON dissenting therefrom. Judge HOUGH adheres to his opinion in the Brassfield case, but declines to declare the bonds invalid on the ground that their recitals, which are not before the court, may be such as to protect innocent holders under the decision in *Carpenter v. Town of Lathrop*, 51 Mo. 483.

AFFIRMED.