JOHN H. BLACK *et al.*, Appellants, v. BENJAMIN F. CORNELL *et al.*, Respondents.

St. Louis Court of Appeals, April 24, 1888.

1. PUBLIC SCHOOLS—AUTHORITY OF DIRECTORS.—No power exists in a board of public school directors, without authority from the voters of the district, to rent buildings or rooms separate from the district schoolhouse, and to employ teachers for a supplemental school therein.

2. PRACTICE — PARTIES. — The county treasurer is a proper party defendant in a proceeding by injunction to restrain the making or payment of warrants about to be issued by the district school directors for unauthorized purposes.

APPEAL from the Knox Circuit Court, HON. BEN. E. TURNER, Judge.

*Reversed and remanded.*

BLAIR & MARCHAND, for the appellants: Our school law was first made for white children alone, and in construing it that fact must be kept before the mind —that the powers indicated have been fully granted to the districts and directors, we cite Revised Statutes, sections 7031, 7032, 7033, 7044, 7045, 7046; Acts 1881, pp. 199, 200, 201, 209; Acts 1883, p. 185; Acts, 1885, pp. 239, 240. Colored schools were established but no provision as to building schoolhouses for them was made. After they were established we find a provision in our school law for paying rent, and not before—the provision for paying rents must, therefore, be construed as applicable to those schools and no others. 2 Wag. Stat., 1872, secs. 45, 46; Rev. Stat., 1879, sec. 7067; Acts 1883, p. 1392. The provisions of the school law must be strictly construed or else its objects and purposes will be defeated. Full provisions are made for white schools in regard to sites and schoolhouses, and teaching schools therein, and hence no necessity for implied powers. *Smith v. Township Board*, 58 Mo. 297; *Loomis v. Coleman*, 51 Mo. 21; *Chambers v. Board Ed.*, 60 Mo. 370; *Rice v. McClelland*, 58 Mo. 116; *Dritt v. Snodgrass*, 66 Mo. 286; *Seibert v. Botts*, 57 Mo. 430; *Dorton v. Hearn*, 67 Mo. 301; *Johnson v. School District*, 67 Mo. 319; *State v. Powell*, 67 Mo. 395; *King v. School Board*, 71 Mo. 628; *Arnold v. School District*, 78 Mo. 226. A general demurrer for misjoinder was not applicable, but all were necessary parties defendants. *Bank v. Young*, 35 Mo. 371; *Alnut v. Leper*, 48 Mo.

319 ; *Ancel v. Cape Girardeau*, 48 Mo. 80 ; *Brown v. Woods*, 48 Mo. 330 ; *Ashby v. Winston*, 26 Mo. 210.

L. F. COTTEY and O. D. JONES, for the respondents : The petition states no cause of action. *King v. School Board*, 71 Mo. 628, 631 ; *Dritt v. Snodgrass*, 66 Mo. 286, 293. The presumption is, that public officers do as the law and their duties require them. Lawson on Presumptive Evidence, rule 14, p. 53 ; *McNair v. Hunt*, 5 Mo. 300 ; *Trotter v. St. Louis Schools*, 9 Mo. 69 ; *Nalley v. County Court*, 11 Mo. 447 ; *Grayson v. Weddle*, 63 Mo. 523 ; *Henry v. Dulle*, 74 Mo. 443.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding by taxpayers to restrain by injunction two of the defendants, who are directors of a school district, and a third defendant, who is treasurer of Knox county, from maintaining a supplementary public school in the town of Hurdland, in that county, in addition to the school which is maintained in the schoolhouse of the district, about half a mile from Hurdland. An injunction was granted by two county court justices, but afterwards in the circuit court a demurrer to the petition was sustained and the injunction dissolved.

The petition shows that a public school, presided over by one teacher, is kept in the old schoolhouse, and that the directors have rented rooms for an additional school of a superior grade in the town of Hurdland and have employed two teachers to keep such school. The petition does not allege that the old schoolhouse is sufficient to accommodate the pupils residing within the district. The plaintiff's case proceeds upon the theory that no power is given by the Revised Statutes, or by subsequent acts of the legislature, to the directors, to rent rooms for school purposes, except for the establishment of colored schools, or to establish separate schools at places other than the school-house site, and to employ teachers in such schools.

The school law, as it stood in the general statutes of 1865 (Gen. Stat. 1865, chap. 46, sec. 7), vested in school directors the power of "building or furnishing school-houses, purchasing or leasing school-house sites, renting schoolrooms and making all other provisions necessary for the convenience and prosperity of schools within their sub-districts." But this school law was entirely superseded by the act of March 19, 1870 (2 Wag. Stat., [3 Ed.] p. 1240, *et seq.*), a statute of one hundred and three sections, which established a new system of common schools, differing in many respects from the old, and repealed all acts and parts of acts in conflict with it. In this statute we find no such power conferred on the board of directors as that conferred by the language above quoted. This statute was much amended, so that the revisors of the statutes in 1879 must have had considerable trouble in determining what statutes relating to the subject of public schools were in force and hence to be included in the revision. Looking carefully through the provisions of the statute as embodied in the revision, we find no authority conferred upon the board of directors to rent schoolhouses or schoolrooms. The powers conferred upon them by that instrument are exceedingly limited, confined chiefly to the care of the school property of the district and the purchase of apparatus for carrying on the schools (Rev. Stat., sec. 7044); to the making of needful rules and regulations for the government of the schools and the admission of non-resident pupils (Rev. Stat., sec. 7045); to the employment of teachers (Rev. Stat., sec. 7046); to the visitation of the schools (Rev. Stat., sec. 7047); to the removal of the district clerk for dereliction of duty (Rev. Stat., sec. 7048); to the making of enumeration lists (Rev. Stat., sec. 7049); to the making of estimates of the amount of funds necessary to sustain the schools (Rev. Stat., sec. 7050); to condemning land for school sites (Rev. Stat., sec. 7051); and to the establishing and consolidating of schools for colored children (Rev. Stat., secs. 7052, 7053). On the contrary, the provisions of

section 7031, Revised Statutes, which treats of the powers which may be exercised by the qualified voters of the district assembled at the annual meeting, seem to contemplate that this power, if it exists at all, as we may assume it does, because it is mentioned in section 7067, Revised Statutes, as one of the items which the clerk of the district is required to submit to the annual meeting, and also to transmit to the county commissioner,—is to be exercised by the voters at the spring meeting, and is not vested in the directors. In that section (Rev. Stat., sec. 7031) many things touching the length of the school term, the power to vote taxes for school purposes, to decide in favor of or against any proposed change of boundaries, to direct the borrowing of money for the erection of schoolhouses or the liquidation of existing indebtedness, or the levying of taxes to purchase a school-house site, to erect a schoolhouse thereon and to furnish the same,—are provided for; and also " to determine, by a two-thirds vote, any change of location of school-house site, where the same for any cause is deemed necessary." It would, no doubt, be a strained construction of this language to hold that it confers upon the annual meeting the power to abandon the old schoolhouse in whole or in part and establish another school in rented rooms at another place. It is not necessary for the purposes of this case to determine whether or not such a power exists in the annual meeting; it is sufficient that such a power does not exist in the directors, unless conferred by a vote at the annual meeting. It may be extremely important and desirable that such a power should exist somewhere. Suppose, for instance, that the schoolhouse should burn down? Or suppose, what is probably the case here, that the existing schoolhouse is insufficient to accommodate the pupils of the district? The renting of additional rooms would seem to be an obvious suggestion of business prudence and diligence. But we find in the statutes, and we have looked through the subsequent session laws,—no provision conferring this power upon the directors without an

authorization of the district meeting ; and this is enough for the purposes of this case. "The powers of the corporation itself, as well as the powers of its directors, are minutely prescribed and limited by law. Not the directors, but the entire corporate body, is constituted the judge of the necessity or propriety of changing a school site." *Buchanan v. School District,* 25 Mo. App. 88. Nor can the directors, of their own will and discretion, select the school-house site ; that must be done by the annual meeting of the electors. *Seibert v. Botts,* 57 Mo. 430. If they can neither select a new school-house site nor change an old one, it would seem to follow that they cannot accomplish the same result indirectly, by renting a building or rooms for school purposes at a place different from the school-house site.

The plaintiffs are residents of the district, owning property and paying taxes therein. According to the allegations of the petition, the defendants are threatening to divert the moneys raised for school purposes within this district to an illegal use. The plaintiffs are entitled to an injunction to restrain such illegal diversion. *Newmeyer v. Railroad,* 52 Mo. 82 ; *Ranney v. Bader,* 67 Mo. 476, 479 ; *Ruby v. Shain,* 54 Mo. 207.

We do not see that there was any misjoinder of defendants. The petition is drawn upon the theory of restraining the two directors from issuing warrants for the payment of the wages of the teachers and for the rent of the schoolhouse in the town of Hurdland, and of restraining the other defendant, who is the treasurer of Knox county, from paying the same ; and such is the relief prayed for. It would, therefore, seem that the county treasurer is, if not a necessary, at least a proper, party defendant, in order that the plaintiffs may have the full relief which they seek.

The judgment will be reversed and the cause remanded. All the judges concur.