JOHN H. BLACK *et al.*, Respondents, v. URIAH A. Ross *et al.*, Appellants.

### St. Louis Court of Appeals, May 31, 1889.

1.  **Judgment.** A decree written out and spread upon the record after the adjournment of the court, and taxing costs against two of the defendants, when the entry on the docket of the judge authorized a general judgment against all the defendants, cannot be questioned on that ground in a collateral proceeding.

2.  **Action:** TAX PAYER'S RIGHT OF. Injunction lies on suit of a tax payer to restrain an illegal diversion of public funds which municipal officers in charge of the funds are about to make ; nor does the solvency of the officers effect this right.

*Appeal from the Knox County Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

Black v. Ross.

*O. D. Jones* and *L. F. Cottey*, for the appellants.

(1) The petition does not state facts to entitle the plaintiffs to any relief. Injunction is always an auxiliary, restraining and preservative proceeding. The decree written by plaintiffs' attorney in vacation is not binding as to the clause concerning costs. The usual presumption cannot be indulged for the facts are in evidence. We think that clause must be established by *nunc pro tunc* entry, before it can be offered to prove or show any thing. If we are right, then plaintiffs fail on the proof on that part of the case. If not, then it is here and now a question, on the evidence, was that clause in the decree then rendered ? The only evidence of it is : (1) The judge's docket entry. (2) The temporary order referred to in it. For in such case only the written memorandum and record can be referred to. *Robertson v. Neal*, 60 Mo. 579 ; *Belkin v. Rhodes*, 76 Mo. 643 ; *State v. Jeffors*, 64 Mo. 376. In all cases where a party sues or is sued in a representative or official capacity, costs cannot be taxed against him individually. *Ross v. Alleman*, 60 Mo. 269 ; *State v. Maulsby*, 53 Mo. 500 ; *Cassady v. School Trustees*, 94 Ill. 589 ; *Clare Co. v. Auditor*, 41 Mich. 182 ; *Hammon v. People*, 32 Ill. 446. "Courts of equity having almost exclusive jurisdiction over suits between trustees and *cestui que* trusts, costs are governed by the special rules obtaining in equity. Trustees prosecuting or defending, without improper motives, in doubtful cases are generally entitled to costs out of the trust fund." Same authority, page 317 ; *McCutteher v. Windom*, 59 Mo. 149, 153. Both these suits are distinctly against the defendants in their official capacity. No ground is laid in either petition to charge or call them in question "individually." Under our practice recovery of costs is purely a matter of statute. *Steel v. Wear*, 54 Mo. 531. And such statutes must be strictly construed. *Shed v. Railroad*, 67 Mo. 687.

*Blair & Marchand*, for the respondents.

The question, as to whether the costs were properly adjudged in former suit against defendants Cornell and Ross, cannot be inquired into in this suit. That judgment, not being appealed from in any manner, must be held final, and respondents estopped from attacking it for errors, irregularities or other cause. *State v. Donegan*, 83 Mo. 374; s. c., 12 Mo. App. 190; *Yates v. Johnson*, 87 Mo. 213; *Merrick v. Merrick*, 5 Mo. App. 123; *Yeoman v. Younger*, 83 Mo. 424; *Duff v. Joyal*, 5 Mo. App. 579; *Knoll v. Woelker*, 13 Mo. App. 275; *National Bank v. Hughes*, 10 Mo. App. 7; *Fulkerson v. Davenport*, 70 Mo. 541; *Dunham v. Wilfong*, 69 Mo. 355. The question of solvency or insolvency of appellants cuts no figure in this case. There is no provision in the law for suing them for illegal acts, or misuse of funds. Who could bring the suit? It is not necessary that injury should be irreparable; nor that defendants should be insolvent. R. S. 1879, sec. 2722; *Bank v. Kercheval*, 65 Mo. 682; *Railroad v. Springfield*, 85 Mo. 674; *Towne v. Bowers*, 81 Mo. 491; *Harris v. Township Board*, 22 Mo. App. 462.

BIGGS, J., delivered the opinion of the court.

This controversy is quite similar to and has, in fact, grown out of the case of *Black et al. v. Cornell et al.*, 30 Mo. App. 641. That case was decided on a demurrer in the circuit court in favor of the defendants, and on appeal this court decided that the demurrer was improperly sustained, and reversed the judgment and remanded the cause for further proceedings.

On a rehearing in the circuit court, the defendants refused to plead or in any way answer to the complaint, and at the June term, 1888, the cause was submitted to the court, and the court by its decree, entered of record, among other things restrained and enjoined Uriah A. Ross and Benjamin F. Cornell, the directors of district

number 2, school township number 15, in Knox county, Missouri, from issuing warrants on the school fund belonging to said district, to pay one F. G. Gibbons and Miss Kate Holliday for teaching a graded school in the town of Hurdland in said district; and the court also enjoined and restrained John F. Beal, county treasurer of the county, from paying any such warrant or warrants. The decree also adjudged the costs of the suit against Ross and Cornell individually.

It seems that the petition for a temporary injunction in that suit was presented to two justices of the county court, and, by mistake or oversight, they neglected to make a restraining order. At the December term, 1887, the circuit court sustained a demurrer to the petition as hereinbefore stated, and, the plaintiffs refusing to amend, the court dismissed plaintiffs' bill.

On the third day of February, 1888, and while said suit was pending in this court, the defendants in the suit at bar, as directors of said school district, issued a warrant on the school fund belonging to the district in favor of F. G. Gibbons for $30.50, teacher's wages.

The plaintiffs in the present proceeding are resident tax payers of the school district referred to, and they instituted this suit in equity against the defendants as directors of said school district and against John F. Beal, county treasurer, in which they sought, among other things, to restrain and enjoin the defendant Beal from paying or receiving the school warrant for $30.50, issued by his co-defendants, in favor of F. G. Gibbons. The plaintiffs aver that this warrant was issued by the directors in payment of Gibbons' salary as teacher of the graded school in the town of Hurdland, which this court held and decided in *Black v. Cornell, supra,* could not be legally done by said directors. The plaintiffs also claimed in their petition that the defendants Ross and Cornell were threatening to issue a warrant on the school fund belonging to the district, to pay the costs of the original suit which had been adjudged

against them individually, and would do so unless restrained and enjoined; and they also averred that the defendant directors were about to misappropriate the funds of the district in the payment of attorneys' fees in the first suit, and they asked that the defendant directors be restrained from issuing school warrants for any such purpose or purposes, and that the defendant Beal be enjoined from paying any such warrant or warrants.

On the sixth day of July, 1888, a temporary injunction was granted, and at the December term, 1888, on a final trial and hearing the temporary injunction was made perpetual; the defendant directors were perpetually enjoined and restrained from issuing warrants or in any way appropriating the money belonging to the school district to pay the costs and attorneys' fees of the original suit; or to pay F. G. Gibbons and Miss Kate Holliday for teaching the graded school, taught in 1888 in the town of Hurdland; and the defendant Beal was prohibited from paying warrants for any such purposes, and he was especially enjoined from paying the outstanding warrant for $30.50, previously issued to Gibbons.

The plaintiffs read in evidence the decree in the original suit in which the costs were adjudged against the defendants Ross and Cornell. Their evidence also tended to prove that the defendants Ross and Cornell had paid a portion of the costs incurred in that suit and threatened to pay the remainder, as well as the attorneys' fees due on account of it, out of the school funds belonging to the school district. Their evidence also established the fact that, while the appeal in the case of *Black v. Cornell* was pending in this court, the defendant directors issued a warrant on the school fund for twenty dollars to pay the expenses of the suit in the appellate court, and further issued and delivered to F. G. Gibbons a warrant on the school fund for $30.50, on account of his salary as teacher of the graded school in Hurdland, which was unpaid in the hands of one

Brown at the time the temporary injunction in this case was granted. This latter warrant was issued on the third day of February, 1888.

The defendants introduced evidence to the effect that the decree read in evidence was entered of record by the clerk in vacation; that it was prepared, after the adjournment of the court, by one of the attorneys of the plaintiffs, and had not received the sanction of the presiding judge. The entry on the judge's docket was read, which showed that the decree was for the plaintiffs, and that the injunction was made perpetual. It contained no special direction as to the costs. The defendants, Ross and Cornell, testified that they had acted in good faith and under the advice of their counsel, and had only done what they considered to be for the best interest of the district. Ross denied that he had threatened to pay the costs and attorneys' fees out of the public school fund.

The defendants filed a motion to set aside the decree and grant them a rehearing, which was by the court overruled, and they have brought the case to this court for review.

The counsel for the defendants urge that the decree in the original suit afforded the plaintiffs, and other tax payers of the district, a perfect and adequate remedy as to the warrant for $30.50, in that the defendants, Ross and Cornell, were subject to attachment and punishment for disobeying it. This position is untenable for the reason that there was no restraining order by which Cornell and Ross were enjoined or forbidden to issue warrants to Gibbons, until June, 1888. The warrant that was outstanding, and the payment of which was enjoined in this proceeding, was issued on the third day of February, 1888; therefore Ross and Cornell, in issuing this warrant, violated no order of the circuit court, or any other court, and by so doing did not render themselves liable to be proceeded against for contempt.

The defendants also contend that the decree, restraining the defendant directors from paying the costs of the first suit out of the school fund, ought not to be sustained, because the evidence shows that the decree was written by one of the attorneys of the plaintiffs, and by the clerk spread on the record, after the adjournment of the court; that the decree as written, in so far as it taxed the costs of the suit against the defendants Ross and Cornell, was void and unauthorized by the entry on the judge's docket; that the entry made by the court only authorized a decree in favor of the plaintiffs, and against all of the defendants; that, in the absence of any special order or ruling of the court, the costs would have to go generally against all of the defendants; that the school district was a party to the suit, and that the defendants Ross and Cornell had been acting for the district, and had no greater personal interest in the litigation than any other tax payer or patron of the public school; that the costs ought to have been, and were intended by the court to be, taxed against the district, and that, if defendants Ross and Cornell *did* pay the costs out of the public funds belonging to the district, or intended so to do, they would only do what in equity ought to be done, and what the court intended should be done.

This might afford good and sufficient ground to sustain a motion to correct the judgment in the original suit by a *nunc pro tunc* entry, but the terms of that decree cannot be questioned or attacked in this, a collater proceeding.

The defendants' counsel say that the evidence was not sufficient to authorize the trial court to find that defendants Ross and Cornell were about to pay the amount due the attorneys out of the public school fund. The plaintiffs' evidence on this subject is somewhat blind and unsatisfactory, but we are not prepared to say that, when all facts and circumstances are considered, the decision of the court was wrong.

But the defendants finally urge that the decree cannot be sustained, even if it be admitted that the outstanding warrant of $30.50 had been illegally issued, and that the defendants Ross and Cornell *were* threatening to pay the costs and attorneys' fees arising out of the other suit, because the plaintiffs have failed to allege and prove that the defendants Ross and Cornell were insolvent, and that a suit for damages against them would be unavailing.

This principle of law has no application to a case like the one under consideration. The defendants Ross and Cornell are the directors of the district and have control of its affairs, and, if they should unlawfully divert the public funds, who would have the right to institute a suit against them for damages for misfeasance in office? The plaintiffs as individual tax payers would certainly have no such right.

If the defendants as directors of the school district were about to make an unlawful and unauthorized disposition of the public school fund, an injunction was the only adequate remedy afforded the individual tax payer, to prevent the illegal diversion. *Black v. Cornell, supra; Newmeyer v. Railroad,* 52 Mo. 82; *Ranney v. Bader,* 67 Mo. 476; *Rubey v. Shain,* 54 Mo. 207.

It may be that Ross and Cornell have acted in good faith and for the best interests of the district; yet they undertook, as decided in *Black v. Cornell,* to supply the necessity for a larger and more suitable school building, in a manner not authorized by the statute; and we cannot permit the costs and attorneys' fees, incurred in a litigation caused by their illegal acts, to be paid out of the public school fund. We are clearly of the opinion, however, that it would be much better for the *children* of the district if all parties would take the necessary steps to build a suitable school house, and quit spending their substance in litigation.

We think the decree of the circuit court ought to be affirmed, and it is so ordered. All the judges concur.