HENRY H. FUGATE *et al.*, Appellants, v. WILLIAM McMANAMA *et al.*, Respondents.*

St. Louis Court of Appeals, May 10, 1892.

1. **Schools:** POWERS OF DIRECTORS. Under the statutes of this state no power exists in a board of school directors, without authority from

---

*Another case, instituted by these plaintiffs against Isaac Smallwood, the successor of one of the defendants, was argued and submitted upon the same record as the above-mentioned cause, and judgment therein was affirmed for the reasons set forth in the opinion.—REPORTER.

the voters of the district, to rent a building or room separate from the district schoolhouse, and to employ a teacher for a supplementary school therein.

2.  **Illegal Action on the Part of School Directors:** RIGHTS OF TAXPAYING CITIZENS TO INJUNCTION. But when school directors undertake to exercise this power without such authority from the voters their illegal action will not be restrained at the instance of taxpaying citizens who sue on their own behalf, but who fail to show that they have any substantial interest in the correction of this irregular action, or that such action is substantially injurious to them. Especially is this true, when, as in this case, the prosecution of their suit has been attended by unnecessary delay.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill, McKee & Jayne* and *R. D. Cramer,* for appellants.

*Blair & Marchand* and *Mudd & Wagner,* for respondents.

THOMPSON, J.—This is a suit in equity to enjoin the defendants, two of whom are the directors of a school district in Scotland county, and one of whom is the treasurer of said county, from issuing warrants for the purpose of maintaining a separate school, established by the said directors, and from paying the teacher and defraying the incidental expenses thereof. On final hearing the circuit court rendered a decree for the defendants, and the plaintiffs prosecute this appeal.

We do not deem it necessary to go into the pleadings and the evidence in any great detail, because the record disclose two reasons, either one of which is sufficient, in our judgment, to support the conclusion of the circuit court. The first is, that neither the pleadings nor the evidence disclose the extent of the

interest which the plaintiffs may have in prosecuting this suit, and in demanding the relief for which their action is brought. The plaintiffs are two in number. They describe themselves in their petition as "taxpaying citizens of school district number 2," etc. But they do not state to what extent they are taxpaying citizens; and neither the pleadings nor the evidence disclose what taxes they have heretofore paid, or what property they own within the school district which is assessable for taxes. Nor do they, in their petition, profess to prosecute their suit in behalf of other "taxpaying citizens" of the school district; nor does it appear from the record that any such other "taxpaying citizens" have been willing to join them in the prosecution thereof. Upon the mere allegation, that they are taxpaying citizens, and a recital of what the defendants have done and are threatening to do, and an allegation that "to suffer them to carry into effect their threatened and intended purposes would greatly damage and injure these plaintiffs, to redress which they have no adequate remedy at law," they predicate their right to an injunction.

The pleadings admit, and the evidence shows, that the schoolhouse in the district became overcrowded in consequence of the springing up of a new town in the district, the same being a station on the Atchison, Topeka & Santa Fe railroad, recently built; that it became absolutely necessary to provide some means for maintaining a school for the children that could not be accommodated in the regular schoolhouse; that an arrangement was effected between the school directors and the inhabitants of the village of Rutledge, whereby a room was provided and a branch school established in that village, to be kept by a sister of the teacher employed to keep the regular school; that the inhabitants of the village proposed to defray the

expense of heating, and other incidental expenses of the branch school; that it was arranged that no teacher should be officially employed or recognized except the teacher of the regular school; that her pay should be $60 a month, but that she should divide this salary with her sister, thus employed to take charge of the branch school. The arrangement seems to have been devised either because the scholastic population multiplied so rapidly that the directors had not time to take the necessary steps to enlarge the regular schoolhouse, or else because it was deemed that by taking this course expense could be saved, and the rate of taxation for school purposes kept at a lower limit than would otherwise be required; and such appears to have been the fact, because the evidence shows that, whereas there was a power of taxation to the extent of forty cents on the hundred dollars, yet in point of fact the tax was kept down to one-half of that amount. It also appears that the price paid for teaching the school during the previous year was $50 per month, so that the increase in the salary paid for teaching is but $10 a month over that year; and the evidence indicates that this increase is not more than the increase of the scholastic population from that year to this.

Upon this basis of fact, which we do not deem it necessary to spread out more in detail, we are of opinion that the circuit judge rightly dismissed the petition, for the reason that the plaintiffs failed to show the extent of their interests, which (if at all) were injuriously affected by the irregular action of the directors. The answer does not deny the allegation that they are "taxpaying citizens," but the evidence is entirely silent upon the amount of taxes which they pay, or have paid, or are liable to pay; and, for aught that the record discloses, their interest in the matter may be almost infinitesimal. If a considerable number of

other taxpaying citizens had joined them in the prosecution of a suit for an injunction, a different case would be presented; but, so far as appears, all the other inhabitants of the school district that have children whom they desire to keep at school are availing themselves of the advantage of sending them to one school or the other, and are acquiescing in what the directors have done. Because the interests of the plaintiffs may be merely infinitesimal, so that their quest may be subject to the maxim *De minimis non curat lex*, we must hold that they do not disclose on this record any adequate reason for moving a chancellor to grant the extraordinary relief which they seek.

The other reason, upon which we conclude that their suit is destitute of equity, is the delays which have attended the bringing and prosecution of it. The contract for the teaching of a school, so far as it was reduced to writing, was entered into on the eighth day of September, 1890, between the defendants as directors on the one part and Miss Sophie Henry on the other part, whereby she engaged to teach the public school of the district for the term of five months, beginning on that day, at the salary of $60 per month, to be paid monthly, etc. Outside of this the contract was merely a parol understanding, that her sister should teach the branch school and should receive from her, but not directly from the county treasurer, one-half the sum thus paid to her for her salary. The arrangement was entirely public. There was no concealment about it. It was understood from the first by all the inhabitants of the district. Any taxpayer had full opportunity to make seasonable objection and protest against it. Nevertheless, a number of delays intervened on the part of the plaintiffs in prosecuting the present action, which are entirely unaccounted for

by their evidence. In the first place their petition was not prepared and sworn to until the twenty-fourth day of October, forty-six days after the commencement of the two schools under this arrangement. Their summons was not issued,—and this, it must be kept in mind, was the actual commencement of their suit,—until the eighteenth day of December, three months and ten days after the commencement of the schools. No proceedings in court in the case took place until the following February term. From that time no unreasonable delay appears to have supervened; for we find that the decree was entered on the tenth day of February, 1891. It thus appears that so much delay had supervened before the commencement of their action, namely, three months and ten days, that it could not reasonably be expected that relief by injunction could be obtained much before the close of the term of five months for which the contract required the school to be kept; and in point of fact, although various steps in the cause took place rapidly between February 2 and February 10, the final decree was not rendered until the last-named day; at which time five months and two days had elapsed since the signing of the contract and the commencement of the schools thereunder, and, allowing the ordinary time for the holiday intermission, it is to be presumed that not more than a week remained during which the schools were to be kept. Taking this unexplained delay in connection with the failure on the part of the plaintiffs to show the extent of their interest which would be injuriously affected by the irregular action of the directors, and considering also the failure of any other taxpaying citizens to join them in the suit, we have no difficulty in saying that there was no equity in their suit, and that it was correctly disposed of by the circuit judge. Of course, we do not wish to say anything which will

convey an intimation that we sanction the irregular action taken by the directors. They acted irregularly and without authority of law. That is not contested at all by their counsel. It was held by this court in *Black v. Cornell*, 30 Mo. App. 641, that no power exists in a board of school directors, under the statutes of this state, without authority from the voters of the district, to rent buildings or rooms separate from the district schoolhouse, and to employ a teacher for a supplementary school therein. See also *Buchanan v. School District*, 25 Mo. App. 85. But it does not at all follow that taxpaying citizens, who do not disclose any substantial interest in having their irregular action corrected, and who fail to show that such action is substantially injurious to them or to other taxpayers, have, and especially under the circumstances of delay which has attended the prosecution of this suit, a right to the extraordinary interposition of a court of equity to correct such an irregularity.

Judgment will be affirmed. It is so ordered. All the judges concur.