D. W. SHACKLEFORD, Respondent, v. CITY OF JEFFERSON, Appellant.

**Kansas City Court of Appeals, November 11, 1912.**

1. **INJUNCTION: Municipal Corporations: Tax Payer's Remedy.** To prevent illegal action on the part of municipalities tending to an increased taxation on their constituents, the state, through its appropriate officer, or any taxpayer of the municipality, may institute a proceeding for an injunction.

2. ————: **Petition: Indefinite: Judicial Notice.** A petition is not indefinite because it fails to state the class of the city that is being sued, for the courts take judicial notice of the population of cities, which determines their class.

3. **INJUNCTION: Municipal Corporations.** Where a city is about to alter the grade of a street at the expense of the city and thereby cast upon the taxpayers of the city an additional burden, any taxpayer is entitled to relief by injunction.

Appeal from Cole Circuit Court.—*Hon. John M. Williams,* Judge.

AFFIRMED.

*James H. Lay* for appellant.

*D. W. Shackleford* for respondent.

BROADDUS, P. J.—Injunction. The plaintiff's suit is to restrain the defendant city from changing the grade in two blocks on Monroe street between Miller and Elm streets. The petition alleges that the grade of the street was established by ordinance in 1903; that in June, 1906, the city council passed an ordinance changing the established grade of said street; and again in September, 1908, the city council passed another ordinance changing the established grade of said street.

It is alleged that both of said ordinances are null and void, because at the time of their passage and approval "all of the owners of real property fronting upon said part of said Monroe street had not consented to the change of grade, and proceedings had not been instituted as provided by law for ascertaining and determining the damages resulting from said change;" that defendant is about to cause said part of said street to be brought to the grade as established by ordinance last named, and to pay the costs of the same out of the revenues of said city of Jefferson; that such expenditures would be unlawful and result in an increase of the burdens of taxation upon the taxpayers of said city; and that they are without any adequate remedy at law.

Plaintiff, as a taxpayer, on behalf of himself and others similarly situated, prays that the two ordinances be declared void, and that the city be forever restrained from expending any portion of the revenues of said city for the purpose of bringing any part of said street to the grade as established by the ordinance of September, 1908.

The defendant city filed a demurrer to the petition, which the court overruled. The defendant, de-

clining to further plead, the court rendered judgment as prayed for, declaring that said ordinances were not legally enacted and, therefore, invalid; and enjoined the city from improving said street under the provisions of either of said ordinances. The city appealed.

The law applicable to cities of the third class is as follows: Section 5861, R. S. 1899, now section 9258, R. S. 1909, provides, among other matters, that "when the grade of any street or alley shall have been once established by ordinance, it shall not be lawful to change such grade without making compensation to all persons owning real estate on such street . . . who may be damaged by such charge of grade," to be determined with reference to benefits and damages as provided in this article. Subsequent sections of the article provide how the benefits and damages are to be assessed.

Section 9262, R. S. 1909, provides how the damages in such cases shall be assessed, and that private property within certain defined limits shall be assessed to pay them.

The only real question presented by the record is whether the act of the city, in attempting to change the grade of Monroe street at the expense of the city, gives to any taxpaying citizen the right to enjoin the proceeding.

There is no claim that the city can lawfully alter the grade of that part of Monroe street already established without first compensating the owners of abutting property for any damage they may sustain thereby, to be paid for by assessment on private property within a certain limited district. If the city council is about to alter the grade of said street at the expense of the city, its proceedings would be in violation of the plain letter of the statute, and would thereby cast upon the taxpayers of the city an additional burden, because of the expense incurred by such proceeding.

In Matthis v. Town of Cameron, 62 Mo. l. c. 506, it is held, that "to prevent illegal action on the part of municipalities, tending to an increased taxation on their constituents, the state, through its appropriate officer, or any taxpayer of the municipality, may institute a proceeding for an injunction." And so it is held in Richardson v. McReynolds, 114 Mo. 641; Black v. Cornell, 30 Mo. App. 641; Black v. Ross, 37 Mo. App. 250. There does not seem to be any doubt about the right of a taxpayer in such cases, to relief by injunction for himself and for others similarly situated.

Defendant's attorney insists that the petition is indefinite because it is not alleged that Jefferson City is a city of the third class. It is informal in that particular, but, as the courts take judicial notice of the population of cities which are classified by the number of their inhabitants, such number determines the class to which any one of them may belong. By this process, we know that Jefferson City is a city of the third class.

The judgment is affirmed. All concur.