B. F. KEMPER et al. v. GEORGE LONG et al., Appellants.

#### Division One, June 2, 1919.

1. **ESTABLISH: Definition.** The particular sense in which the word "establish" is used must be determined by the context and the manifest intent and scope of the statute. It has been held to include power to rent.

2. ———: **Consolidated School District: Erection of School Building.** The Legislature, in declaring in Section 10869, Revised Statutes 1909, that the board of directors of a consolidated school district "may also establish schools of a higher grade," that is, high schools, did not by using the word "establish" mean to say that the board must acquire a site and erect a building. The erection of a building is not essential to the establishment of a high school, as that word is used in the statute; the board may rent a building.

3. **CONSOLIDATED SCHOOL DISTRICT: Renting High School Building.** The board of directors of a consolidated school district is authorized by statute to provide a high school by renting one. If the district is duly organized, but refuses to vote funds to erect a high school building, the board cannot be enjoined from conducting a high school in a rented building.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*John Taylor* for appellants.

(1) All the laws applicable to the organization and government of town and city school districts as pro-

vided in Art. 4, Chap. 106, Revised Statutes 1909, shall be applicable to districts organized under the provisions of the Consolidated School District Law. Laws 1913, pp. 7 to 22, sec. 1. (2) The government and control of city, town and consolidated districts shall be vested in a board of directors of six members. Laws 1909, sec. 10866. (3) Boards of directors shall locate sites and establish and maintain primary and high schools in city, town and consolidated districts. Laws 1909, sec. 10869. The duty to maintain high schools under this section is mandatory. State ex rel. v. Jones, 155 Mo. 575. (4) The title to property owned and the control of property rented by school districts is vested in a board of directors in all districts. Laws 1909, sec. 10833.

*Roy McKittrick* for respondents.

(1) Directors in consolidated school districts have no power to rent buildings for school purposes. Black v. Cornell, 30 Mo. App. 641; Fugate v. McManama, 50 Mo. App. 39. (2) They have no power to select a site for school buildings unless sufficient funds have been provided therefor. Young v. Consolidated School District, 193 S. W. 627; Sec. 10869, R. S. 1909. (3) To maintain a high school, a building for that purpose should be erected. State ex rel. v. Consolidated School District, 195 Mo. App. 507. (4) The powers of a district as well as the powers of its directors are minutely prescribed and limited by law. Buchanan v. Hannibal School District, 25 Mo. App. 85; Thornburg v. School District No. 3, 175 Mo. 12. (5) The board of education of any consolidated school district performs the same duties and are subject to the same restrictions and liabilities as the boards of other school districts. Sec. 10871, R. S. 1909. (6) An injunction is the only adequate remedy afforded the individual tax payer in preventing directors of a school district from making an unlawful and unauthorized distribution of public school funds. Black v. Ross, 37 Mo. App. 257.

BLAIR, P. J.—In a suit to enjoin the directors of
Consolidated School District No. 4, Chariton County,
injunction was made final, and the cause appealed to
the Kansas City Court of Appeals. That Court re-
versed the judgment (203 S. W. 632) and certified the
cause here because it deemed its opinion in conflict with
Black v. Cornell, 30 Mo. App. 641, and Fugate v. Mc-
Manama, 50 Mo. App. 39.

The district was duly organized, but has refused to
vote funds to erect a high school building. The directors
rented a room in which they have caused a high school
to be conducted and intend to continue this course. The
real question is whether they have power to *rent* a build-
ing in these circumstances. The Court of Appeals held
they had that power. The district has, since its or-
ganization, maintained four primary schools and a
high school, and the latter is now duly accredited as a
high school of the third class. [Sec. 10923, R. S. 1909.]
It is not claimed the demands of the district do not
require a high school, nor that the district funds are
insufficient for its further maintenance. One of the
declared purposes of the organization of consolidated
districts is the maintenance of high schools (Sec. 1, p.
721, Laws 1913) and one of the reasons for the emer-
gency passage of the Consolidated School District Law
is the "immediate need" of rural high schools. [Sec.
9, p. 724, Laws 1913.] In the same act it is provided
that when a consolidated district is formed, "all the
laws applicable to the organization and government of
town and city school districts as provided in Article
IV, Chapter 106, Revised Statutes 1909, shall be applica-
ble." The Act of 1913 does not require that a high
school building shall be *erected* by the district in every
instance, though it holds out a substantial inducement
(Sec. 7, p. 724, Laws 1913) to follow this course. It
speaks of the district providing an adequate building and
for special aid when such building is *provided,* and a
designated course of study is maintained. [Sec. 8, p. 724,
Laws 1913.] This aid was given the Chariton County

district by the State during the school year preceding this suit.

Section 10869 also gives the consolidated district power to *establish* a high school. The word "establish" has a variety of meanings. "The particular sense in which the word [establish] is used must be determined by the context and the manifest intent and scope of the statute." [Armstrong v. George, 84 Kan. 1. c. 251.] The relevant portion of Section 10869 reads thus: "When the demands of the district require more than one public school building therein, the board shall, as soon as sufficient funds have been provided therefor, establish an adequate number of primary or ward schools, corresponding in grade to those of other public school districts, and for this purpose the board shall divide the school district into school wards and fix the boundaries thereof, and the board shall select and procure a site in each newly formed ward, and erect a suitable school building thereon and furnish the same; and the board may also establish schools of a higher grade," to-wit, high schools. In some circumstances the word establish may include the selection of sites and the erection of buildings thereon. We do not think it is so used in the section quoted. The Legislature declared that in the case of ward schools, the board should establish an adequate number. For the purpose of doing so the board must divide the district into school wards and fix the boundaries. The provision for the selection of sites and the erection of buildings is an independent clause. The thing to be done *for the purpose of. establishing* such schools is the division into wards. The sites and buildings are also required, but are not enumerated as necessary for the purpose of *establishing* the schools. Had the section read, "And for this purpose the board shall divide the school district into school wards and fix the boundaries thereof and select and procure a site," etc., the meaning would have been different. With respect to establishing high schools the section adds nothing to the simple authorization "and the board

may *establish,"* etc.  It is apparent the word is used with reference to the *school* rather than the *site* and *building,* and the latter are treated by the Legislature as not within the meaning of that word as used in this section.    It is used in the same sense in other sections in this chapter.    It is true a building is necessary, but what we are now attempting is to discover the meaning of a particular word as used in a particular connection by the Legislature.    When given the meaning above pointed out, and when the absence of any requirement as to sites and buildings for high schools is noted, and when the Act of 1913, above referred to, is read in connection with this section, the most reasonable interpretation of the section is that the Legislature did not intend to preclude an arrangement for high school buildings in such districts, in circumstances like those appearing in this record, by means other than the purchase of sites and the erection of buildings thereon by the district.    Any other conclusion, as is apparent, would involve difficulties in construing the statutes referred to.    The State Department of Education evidently has so construed the Act of 1913 and Section 10869, and approved the granting of state aid to this school.    Other sections, it is true, provide means for securing funds for high school buildings, but this does not militate against the view that Section 10869 means that the *erection* of a building is not essential to the *establishment* of a high school, as that word is used in that section.    In such circumstances, since a building is necessary, and since the board is not confined by this section to erecting a building, the board is left free, so far as this section is concerned, to acquire one by other lawful means.    The word "establish" has itself been held to include power to rent.    [City v. Ledwith, 26 Fla. 192.]

Section 10833, Revised Statutes 1909, which is applicable to this case, provides that title to school property shall be vested in the district "and all property leased or rented for school purposes shall be wholly under the

control of the board of directors during such time; but no board shall lease or rent any building for school purposes while the district school house is unoccupied." This section clearly recognizes the power of districts of this kind to rent school buildings. It has granted the privilege (Sec. 10869) and imposed the duty (Laws 1913, p. 721) to "establish" and "provide" high schools in consolidated districts, and authorized state aid without requiring the *erection* of a building by the district. We think that when construed together the several acts require the conclusion that in a case like this the board of directors was authorized to provide a high school building by renting it.

We do not think the opinion of the Court of Appeals conflicts with Black v. Cornell, 30 Mo. App. 641, and Fugate v. McManama, 50 Mo. App. 39. These cases dealt with common school districts and involved other statutes. Besides, Section 10833 has been substantially amended since the decision in Black v. Cornell, and Fugate v. McManama was decided on grounds not relevant here and independent of Black v. Cornell. The judgment is reversed. *Bond* and *Graves, JJ.,* concur; *Woodson, J.,* absent.