HENRY C. BUCHANAN ET AL., Respondents, v. SCHOOL DISTRICT OF THE CITY OF HANNIBAL ET AL., Appellants.

**St. Louis Court of Appeals, March 8, 1887.**

1. SCHOOL DISTRICTS—LIMIT OF POWERS—CORPORATIONS.—A school district is a *quasi* corporation, and the powers of its corporators and directors are prescribed and limited by statute.

2. ——— EQUITY—INJUNCTION — ULTRA VIRES.— The directors of a school district of a town, incorporated under the general law, will be enjoined from changing the site of a school house, or from building a new school house on a new site, without having first obtained the sanction of the voters, at an election held therefor under the law.

APPEAL from the Hannibal Court of Common Pleas, HON. THEODORE BRACE, Judge.

*Affirmed.*

THOMAS H. BACON, for the appellants: The writ should have been denied. A change of site of a graded school is not among the subjects of a popular vote. Rev. Stat., sects. 7031, 7146, 7153; Sess. Acts, 1881, p. 99; Sess. Acts, p. 1883, 185.

Anderson & Foreman, for the respondents.

Rombauer, J., delivered the opinion of the court.

Upon the petition of the plaintiffs, who are resident citizens and taxpayers of the Hannibal school district, a preliminary injunction was granted against the defendant district and its directors, restraining them from changing the site of the present school house in South Hannibal, and from proceeding further in any contracts for the purpose of a new site, and the erection of a new school building thereon.

The petition states, among other things, that the defendant school district is organized under the general statutes of the state, providing for the organization and regulation of the public schools in cities, towns, and villages; that the system of instruction given in the public schools in the district is a graded system; that the number of children in the district being too numerous to attend any one particular place or school, the district had been sub-divided for some time past into sub-districts, one of which is the South Hannibal district or division, in which district a school house had been erected fifteen years ago or more, on the present site; that, in November, 1884, the directors of the district submitted to its qualified voters the question whether they should have power to borrow an amount of money, not to exceed forty thousand dollars, for the purpose of erecting three new school buildings in the entire school district, and at said election, by the requisite affirmative vote, were duly authorized to borrow such sum for the purpose; that it was duly published and known to the voters, that one of these buildings was to be erected in the South Hannibal sub-division, but no particular site in said district was canvassed or mentioned; that the directors had negotiated for the sale of the forty thousand dollars bonds of said district, thus authorized, and are now proceeding to change the site of the South Hannibal sub-district

school house, and to build a costly school building on the new site thus selected, which is to be used exclusively, instead of the present site and school building in said sub-division, without authority of law; that the directors have entered into a contract for the purchase of the new school site, and into a contract for the erection of the new school building, both contracts as yet being executory, no money having been paid or work done thereunder. The petition then recites a number of special objections, the only material one of which is, that the site thus selected is further removed from the center of the population of the district than the present site, and further away from its geographical center.

The answer of the defendants admits the intended change of location of the site, and their intention of building a new school house upon the site thus selected. It also admits that the new site is further away from the geographical center of the school district. It also admits that no vote of the voters of the school district was ever taken as to selection of the new school site, or as to the erection of a new school house. The answer, then, by way of new matter, states a number of facts vindicating the selection made by the directors, and the necessity of additional school facilities, and facts tending to show that, owing to the state of feeling between rival factions in the district, it has become impossible to obtain the necessary majority of votes to select any new school site, although a new school site, and additional school facilities, have become indispensably necessary.

The plaintiffs demurred to this answer. Their demurrer was sustained, and, the defendants failing to plead further, the injunction against them was made perpetual, that part of the decree being as follows:

"It is considered by the court, that the temporary injunction hereinbefore granted should be made perpetual, and, therefore, it is considered and ordered by the court, that the said defendants, the said school district of the city of Hannibal, Missouri, and the said defend-

ant directors thereof, be, and the same are, hereby perpetually enjoined and restrained from removing the present school site in said South Hannibal district, as defined in the petition, to the land to be purchased of the defendant, Peyton, as set out in the petition, until the said defendants are further authorized to make such change by a vote of the qualified voters of said district, as required by the laws of Missouri, and that all the said defendants, and each of them, be, and they are, hereby perpetually enjoined and restrained from further proceeding to make said change of said school site, whether in the purchase or sale of the said Peyton ground, for the purpose of a school site for said district, or in the erection of a building thereon for school purposes, as set out in the petition, or in any other manner whatever, until such change of school site is duly authorized by a vote of the qualified voters of said district, as aforesaid."

The defendants, appealing, complain, that the demurrer was improperly sustained, and that the decree is excessive, because, in any view of the case, the court erred in enjoining the erection of an additional graded school building.

Neither of these complaints is just. That this is a school district under the general law, is conceded. Such a district is a *quasi* municipal corporation created by statute. The powers of the corporation itself, as well as the powers of its directors, are minutely prescribed and limited by law. Not the directors, but the entire corporate body, is constituted the judge of the necessity, or propriety, of changing a school site. The statute provides that: "The qualified voters assembled at the annual meeting, when not otherwise provided by law, shall have power * * * Eleventh, to change the location of a school house site, when the same, for any cause, is deemed necessary, provided that, in every case, a majority vote of the voters of said district shall be necessary to remove a site nearer to the center of the district, but

in all cases to remove a site further from the center of said district it shall require two-thirds of the legal voters of said school district." Laws 1883, 185, 186. It is nowhere otherwise provided by law, and that is, therefore, the sole mode in which it can be done. However mistaken the action of the corporate body itself may be, courts can not control it in the exercise of its discretionary powers. *Vitt v. Owens*, 42 Mo. 512.

The point that the decree is excessive is sought to be supported by a mistaken construction placed upon section 7146, of the Revised Statutes. That section gives the board power "to establish a suitable number of schools of a higher grade, in which other studies may be pursued, not provided for in the primary schools." But the establishment of a school is one thing, and the erection of a school house is another. Section 7153, of the same article, expressly provides that: "The qualified voters of such city, town, or village, shall vote by ballot upon all questions provided by law for submission at the annual school meeting," and this, as above seen, is one of the questions thus provided by law to be voted upon.

There is no error in the record, and, with the concurrence of all the judges, the judgment is affirmed.