STATE ex rel. BEST et al., Appellants, v. JONES et al.

Division One, March 30, 1900.

1. **Mandamus**: PUBLIC OFFICER: DISCRETION. When a discretion is vested in a public officer the courts will by mandamus compel him to exercise that discretion, but will not direct how it shall be done, or what conclusions or judgment shall be reached.

2. ———: APPELLATE PRACTICE: ABSTRACT. Rule 13 of the Supreme Court requires that the abstract "shall set forth so much of the record as is necessary to a full and complete understanding of all questions presented to this court for decision." The abstract in this case sets out the alternative writ of mandamus, the return and demurrer thereto, relators' exception to the ruling of the court on the demurrer and that an appeal was granted; *held*, sufficient compliance with the rule.

State ex rel. v. Jones.

3. ————: SCHOOLS: PURPOSES OF SCHOOL LAW. The purpose of the public school laws is two-fold, to-wit, first, to establish primary grade schools sufficient to meet the demands of all children of the district of that class, and, second, after these primary demands have been met and satisfied, to establish higher grade schools within the limits of the school fund provided and available. In this case the primary purpose having been accomplished, it was the duty of the directors of the school district to meet the secondary purpose of the law. The "demand" contemplated by section 8088, Revised Statutes 1889, is not one of convenience but of necessity.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*Warner Lewis & Son* for appellants.

(1) Two courses are open to the respondent in making return to an alternative writ of mandamus, to-wit: He may either traverse substantially the suggestions of the alternative writ, or he may confess and avoid, as he chooses, but he can not adopt both in the same pleading. High on Ex. Rem. (2 Ed.), secs. 460, 461, 466, 467; Donohoe v. Heidel, 33 Mo. 336; Atterberry v. Powell, 29 Mo. 429; Adams v. Trigg, 37 Mo. 141; McCord v. Railroad, 21 Mo. App. 92; Bacon's Abridg. I; Prince Stra., 1235. (2) If we treat the return as a confession and avoidance, it is wholly insufficient, because the matter set up in avoidance is a substitution of the discretion or judgment of the board in establishing and maintaining a high school, which is permissive only, for that provision of the law which is mandatory and peremptory concerning ward schools. State v. School Board, 74 Mo. 21; State v. School Board, 131 Mo. 505; State v. Lane, 9 Wis. 279. It can not be regarded in any sense as traverse or denial, for the reasons and authorities above mentioned and cited. (3) There is no merit in the question raised by the respondents concerning the negro school, for by both the Constitution and the laws enacted thereunder, the schools

for "white" and "colored" children are as separate and distinct as if controlled by different boards of education. The only point of similarity is, they shall have like privileges and advantages under like conditions. The Constitution makes no mention of "white" children, but does mention "African" children as a class. Where color is omitted "white" children, or "white schools" will be understood; and since the same conditions do not exist as to the colored school as of the white in the district, it can not be considered in this case. Sec. 3, art. 2, Constitution.

*J. D. Barnett* for respondents.

MARSHALL, J.—The defendants are the directors of the school district of the town of Montgomery City, which district was duly organized under provisions of article 2, chapter 143, Revised Statutes 1889. The relators are resident tax-paying citizens of said school district, and patrons of the schools therein, and as such prosecute this proceeding by mandamus to compel the defendants to divide said district into as many wards as there are school buildings in said school district, in the branches and in the manner and form directed in said section 8023, "so that the children in the school district will not be compelled to pass one school building in order to reach another school building where the school is held and thereby have to travel long distances through exposed and dangerous places of the streets and railroad crossings of said town of Montgomery City, to the great damage and injury of all children of the district and mental anxiety of their parents, and especially the damage and injury of the children of the plaintiffs, and their mental anxiety."

The return to the alternative writ shows that there are three school buildings in the school district, one of which is

used for the colored children, one for the white children in the primary grades, that is, the grade of studies enumerated in section 8023, and the third for white children for a school of higher grade than the studies enumerated in section 8023; that the school for primary grades is amply sufficient to accommodate all the school children of the school district within such primary grades, as is also the school for the higher grades; that the directors are not able with the school funds provided to establish other schools for primary grades, nor is there any demand or necessity therefor.

To this return the relators demurred, the reasons assigned, other than those raising technical questions of pleading, being that the directors had substituted their discretion in establishing a high school instead of obeying the mandates of the statutes and establishing more primary schools.

The circuit court overruled the demurrer to the return, the relators refused to plead further, and stood on the demurrer, final judgment was entered for the defendants on demurrer, and relators appealed.

I.

Respondents move in this court to dismiss this appeal, because the abstract does not comply with rules 12 and 13. The case is here on a complete transcript and the abstract sets out in full the alternative writ of mandamus, the return and the demurrer, and also a motion for a new trial and in arrest (which were entirely superfluous in this case) and also shows that relators excepted to the ruling of the court on demurrer, and that an appeal was granted. The alternative writ, the return thereto, the demurrer and the judgment of the court were all parts of the record proper and are open to review in this court. [McKenzie v. Donnell, 151 Mo. l. c. 448.]

## II.

The proposition involved in this case is whether school directors can be compelled by mandamus to use the school funds to establish more primary grade schools, when those already established are sufficient to accommodate all children within the primary grade in the district, in order that such schools may be more accessible to the residence of some of the children in the district who are now compelled to "go long distances through exposed and dangerous places of the streets and railroad crossings," or whether having supplied an adequate number of primary grade schools, the directors can use what remains of the school funds to supply a high school.

The alternative writ does not assert that the primary grade schools already established are at all inadequate or insufficient, but proceeds entirely upon the assumption that the relators are entitled to have more schools established because those already established are distant from their residences or that in reaching them the children will have to cross railroads. The return does not controvert the argument of inconvenience but sets up the sufficiency of the schools of the primary grades to accommodate all the children of the school district coming within that class. The demurrer admits this fact in the return—in fact, the alternative writ inferentially admits that fact.

This narrows the case down to a very small compass. The relators plant their right upon section 8088, Revised Statutes 1889. That section is as follows:

"When the demands of the district require more than one public school building therein, the board shall, as soon as sufficient funds have been provided therefor, establish an adequate number of primary or ward schools, corresponding in grade to those of other public school districts, and for this purpose the board shall divide the district into school wards,

and fix the boundaries thereof, and the board shall select and procure a site in each newly formed ward, and erect a suitable school building thereon and furnish the same; and the board may also establish a school of a higher grade, in which studies not enumerated in section 8023 may be pursued; and whenever there is within the district any school property that is no longer required for the use of the district, the board is hereby authorized to advertise, sell and convey the same, and the proceeds derived therefrom shall be placed to the credit of the building fund of such district."

The relators construe the "demands" for more than one public school building contemplated by section 8088, to be met by the conditions presented in this case, that is, demands of convenience to the residence of the school children equally as well as demands arising out of the crowded condition of the established schools, and they insist that until all such demands of accessibility and convenience as well as necessity have been satisfied as to primary grade schools, it is unlawful to establish a school wherein the higher grades are taught.

The section of the statute relied on does not admit of so narrow a construction. The statute is mandatory it is true, but it is just as mandatory to establish higher grade schools after sufficient lower or primary grade schools have been provided as it is to establish sufficient primary grade schools. The purpose of the public school laws is two-fold, to-wit, first, to establish primary grade schools sufficient to meet the demands of all children of the district of that class, and second, after these primary demands have been met and satisfied, to establish higher grade schools, within the limits of the school funds provided and available. Or stated otherwise, it is the purpose of the law to provide schools so that every child shall be taught "orthography, reading in English, penmanship, arithmetic, English grammar, modern geography, history of the United States, civil government,

theory and practice, and physiology and hygiene with special reference to the effects of alcoholic drinks and stimulants and narcotics generally upon the human system" (sec. 8023, R. S. 1889), the two latter only to the children of such parents as demand it in writing (sec. 8024, R. S. 1889), and after these conditions have been met and fulfilled, then to provide schools where children shall be taught "etymology, algebra, zoology, rhetoric, botany, geometry, physics and literature" [sec. 8032, R. S. 1889].

The statute vests in the qualified voters of the district of country districts, and in the directors of the city districts, full and complete discretion as to the location of the school houses (secs. 7979, 8001 and 8085, R. S. 1889), and in the directors the power to sell school property no longer needed for the use of the district (secs. 8088 and 8878, R. S. 1889).

Where a discretion is vested in a public officer the courts will by mandamus compel the officer to exercise that discretion, but will not direct how it shall be exercised or what conclusion or judgment shall be reached. [State ex rel. v. Gregory, 83 Mo. l. c. 136; State ex rel. v. McGrath, 91 Mo. 386.]

In case it should appear that the primary demands of the school laws, as herein defined, have not been met and complied with, the courts would interfere to prevent the school funds being applied to the secondary purposes of the law, as herein defined. But in this case as it stands admitted, directly by the demurrer and inferentially by the alternative writ, that the primary purposes have been met, it was perfectly proper, as well as their duty, for the directors to use the school funds to meet the secondary purpose of the law, rather than yield to reasons of convenience and bring the school houses closer to the residences of the children.

But it is unnecessary to pursue the inquiry further, as it is apparent from what has been said, that the demand contemplated by the statute is one of necessity and not of con-

venience, and therefore the alternative writ stated no cause of action whatever, and the return of the defendants is a complete answer to any cause that might be stated as herein indicated, which would authorize the interference by the courts with the discretion of the directors.

The judgment of the circuit court was clearly right, and it is therefore affirmed. All concur, except *Robinson, J.*, absent.