## W. T. MARTIN et al., Respondents, v. H. A. BENNETT et al., Appellants.

### Springfield Court of Appeals, November 2, 1909:

1. SCHOOL BUILDINGS: Bonds: Authority of Board to Build: Sufficiency of Order of Board for an Election to Vote Bonds to Erect School Building. An order of a school board ordering an election to authorize the board to borrow money for the erection of an additional school building which fails to specify the place for holding said election is insufficient. [Following Thornburg v. School District, 175 Mo. 12.]

2. ———: ———: ———: Proposition not Authorized by Order of the Board Cannot be Submitted to the Voters. Where the order of the board, ordering an election to vote bonds to erect a school building, is silent on the question of purchasing a site and furnishing the building, the secretary, in the notice of election, is not authorized to submit those propositions to the voters.

3. ———: ———: ———: School Board Not Authorized to Use Money from Bonds for Purposes not Submitted to Voters. Where the voters at a school election vote in favor of issuing bonds to purchase a new site and to erect a new schoolhouse thereon, the school board are not authorized to use the money for erecting a new schoolhouse on the old site.

4. ——: ——: **Addition to Primary School Building: Authority to Establish High School Carries Authority to Erect Building.** A reasonable construction of the statutes would authorize school boards, organized under article 2, chapter 154, Revised Statutes 1899, to build additions to a primary school building, when the necessity of the district did not demand a division of the district into a primary or ward schools; but prohibits the erection of more than one primary school building on one school site. The authority to establish a high school carries with it the authority to provide a home for the school and to erect a building for the purpose on grounds owned or to be acquired by the district.

5. **SCHOOL BOARD: Minutes: Purported Order Held Void.** What purported to be a typewritten order posted· in the records of the school meeting, bearing date of the regular meeting but not seen by the board until after the institution of this suit, is not an order of the school board.

6. **INJUNCTION: Invalid School Bonds.** Even though the bonds of the school district are illegal, yet, where the petition alleges that·the school board is about to levy taxes to pay the interest on said bonds and to provide a fund for the purpose of redeeming them, the courts, under such circumstances, grant the taxpaying citizens relief by injunction.

7. **MOTION FOR NEW TRIAL: Objection to Amended Petition Must be Saved.** Where appellants objected to the courts permitting an ʹamended petition to be filed, but afterwards answered the amended petition and did not save the point in their motion for a new trial, the point is not before the appellate court for review.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED (*as modified*).

W. P. *Elmer* and G. C. *Dalton* for appellants.

(1)    Plaintiff's petition states no cause of action. Injunction will not lie to restrain the application of public funds, unless the expenditure will be illegal. Black v. Ross, 37 Mo. App. 250. Courts will not restrain by injunction the doing of any discretionary act, in a particular manner. The court had no right to ·interfere with the board's discretion in establishing ward or

high school. State ex rel. v. Johnes, 155 Mo. 570. The amended petition does not state the same facts as the original and the temporary injunction cannot be supported by new matter in the petition. 10 Pleading and Practice, p. 977, sec. 6, note 2. (2) The board of directors had the right to select a new site or use the old one for the high school building. R. S. 1899, sec. 9865; Burnham v. Rogers, 167 Mo. 17. (3) A school building is not a nuisance *per se*. Van DeVere v. Kansas City, 107 Mo. 90; 5 Words and Phrases, 4855-58; Glasgow v. St. Louis, 107 Mo. 198; Western Union v. Guernay, 46 Mo. App. 120. (4) Plaintiffs have not shown themselves to be injured or damaged within the legal meaning of those terms. Baker v. McDaniel, 178 Mo. 447; Spencer v. Railroad, 58 Mo. App. 513; Knapp v. St. Louis, 153 Mo. 560. (5) The bond issue and election, therefore, were legal. At an annual meeting the voters can vote a bond issue without orders of the board or notice of election. It is one of the powers of the annual meeting. State ex rel. v. Edwards, 151 Mo. 472. Records made on loose sheets are competent unless the law requires the record kept in a book. 10 Enc. Ev., 719. It is not necessary that the records be made at the time the transaction took place. 10 Enc. Ev., 720. Such records cannot be contradicted by parol testimony. 24 Am. and Eng. Ency. Law, 197; 10 Enc. Ev., 979.

*J. D. Gustin* for respondents.

(1) If the defendants were about to make an unlawful and unauthorized disposition of the public school fund, an injunction was the only adequate remedy afforded the individual taxpayer. Black v. Ross, 37 Mo. App. 250; Black v. Cornell, 30 Mo. App. 641; Beresford v. Donaldson, 54 Miss. 138; Macy v. Miami County Commissioners (Ind. App.), 80 N. E. 503; Allen v. Milwaukee, 138 Wis. 678; Lindblad v. Board of Educa-

tion, 221 Ill. 261; Brown v. State (Kan.), 84 Pac. 549; Shoemaker v. Des Moines, 129 Iowa 244; Buchanan v. School District, 25 Mo. App. 85; Seibert v. Botts, 57 Mo. 530; Fugate v. McManama, 50 Mo. App. 39. (2) A school district is a corporation of limited powers. Its authority is defined and limited by the statute of its creation, and it can only proceed according to the course prescribed by that statute. Kane v. School District, 48 Mo. App. 408; Thornburg v. School District, 175 Mo. 12; Childs v. Waite, 102 Mo. 451. (3) The propriety of allowing an amended petition is not before this court for review, no objection thereto having been lodged in the court below or raised on the motion for new trial. Hanly v. Holmes, 1 Mo. 84; Emory v. Joyce, 70 Mo. 537; Merrill v. St. Louis, 83 Mo. 244; Tobin v. McCann, 17 Mo. App. 481; Hubbard v. Quisenberry, 28 Mo. App. 20; Stanley v. Railway, 100 Mo. 435; Jones v. Railway, 59 Mo. App. 136; Oberg v. Insurance Co., 82 Mo. App. 64; Spurlock v. Railway, 93 Mo. 530. (4) The statute requires the purpose of a loan to be stated and an "additional school building" is not such a statement. R. S. 1899, secs. 9750, 9752, 9763, 9765, 9778. That order of the board was also fatally defective in failing to designate a place for holding the election. R. S. 1899, sec. 9874. (5) The chancellor properly disregarded the interpolated sheets attached to the secretary's book. The secretary is required to keep a record of the board's proceedings, and his record is the only proper evidence of the acts of the board. R. S. 1899, secs. 9786, 9864; 1 Greenleaf on Evidence (Redfield's Ed.), sec. 485; State ex rel. v. Railway, 135 Mo. 77.

GRAY, J.—This suit was instituted in the circuit court of Dent county, July 11, 1907. The purpose was to procure a perpetual injunction restraining the appellants from selling certain school bonds issued by the Salem School District, and from erecting a schoolhouse on Block 17 in the city of Salem.

The Salem School District is a city district, and the appellants, except E. L. Dye, are the directors thereof, and said Dye at the time this suit was commenced, had entered into a contract with the school board to erect a schoolhouse for the district, on Block 20 in said city.   The respondents are taxpaying citizens of the district.

Block 20 lies just west of Block 17, and at one time was separated therefrom by a street forty feet wide. In 1874 the school board erected a fence around the district property, including the street between the blocks, but leaving a way for vehicles on the west side of the district property, and erecting stiles or gates for footmen where the fence was across the street.   This fence remained for twenty years and until it finally rotted.   During these years, and until this suit was commenced, the district had used the premises so fenced as the school grounds of the district.   The records of the city were destroyed by fire in 1886, and the evidence does not show that the city of Salem, by any official action, vacated the portion of the street so fenced.

An amended petition was filed alleging that Block 17 was the schoolhouse site of the district, and that the board was about to move the site to Block 20 without authority of law, and erect a schoolhouse thereon, and issue illegal bonds of the district, and levy taxes on all property in said district to pay the interest on said bonds, and to provide a sinking fund with which to redeem them; and further alleging that the erection of said building would necessitate establishing additional closets for the use of the pupils and teachers of said new building, and that no sewers were in said city, and hence the premises near said closets would become unhealthy; and further alleging that the children attending said school would disturb the peace of citizens living in the neighborhood, and that said closets and said disturbance would constitute a public and pri-

139 App—16

vate nuisance, and praying that all the acts complained of be enjoined.

A temporary injunction was granted. By agreement of parties, the cause was referred to Hon. C. C. Bland to make a finding on both the facts and the law. The referee, in due time, made his report finding the district property in Block 20 was a part of the schoolhouse site of the district and not a new site, and failing to find that any private nuisance was about to be created, but finding that the bonds were illegal and that the board had no right to erect the building on the old school site. The report of the referee was made a part of the judgment of the court, whereby the court adjudged, "defendants have no right to erect the contemplated school building upon said described real estate," and the appellants were perpetually enjoined from erecting said building on said premises.

On March 12, 1907, the school board at a legal meeting made the following order: "Moved and carried that a proposition be submitted to the qualified voters of Salem School District at the annual election to be held on the 2d day of April, 1907, authorizing the board of directors of said school district to borrow the sum of ten thousand dollars for the erection of additional school building, and the secretary of the board was requested to give legal notice of the same as the law directs."

The secretary posted the notices designating the courthouse as the voting place, and stating the purposes of the election as follows: "Erecting an additional schoolhouse and furnishing the same and for the purchase of a site for said schoolhouse." There was posted in the records of the school board what purported to be a typewritten order of the board calling the election for the purposes specified in the notices. This order bore date, March 12, 1907, but the evidence showed it was not seen by the board until after this suit was commenced.

The appellants assert in this court that the petition does not state a cause of action, for the reason that if the bonds are illegal, then the funds derived therefrom do not belong to the district, and the respondents are not concerned in the expenditures thereof. The petition, however, alleges that the board is about to levy taxes to pay the interest on said bonds, and to provide a fund for the purpose of redeeming them. Under such circumstances the courts grant the taxpaying citizens relief by injunction. [Ranney v. Bader, 67 Mo. 476; Black v. Ross, 37 Mo. App. 250.]

The court committed no error in permitting the amended petition to be filed. [Cohn v. Souders, 175 Mo. 455.] And appellants answered the amended petition and did not save the point in their motion for new trial, and therefore the point is not here for review.

This brings us to the real points in the case, to-wit: Is there anything in the proceedings of the board to constitute a foundation for the propositions voted on at the election; and was the board authorized to use the money derived from the sale of the bonds in erecting a schoolhouse on the old site?

In Thornburg v. School District, 175 Mo. l. c. 26, the court said: "The authority to borrow the money and issue the bonds was devolved on the board of directors, but before they could exercise the authority, they would have to order an election to ascertain the will of the voters. The board of directors was the organization through which the whole machinery of the law was to operate. The board was required by law to keep a record of its proceedings. That was a public record and to it we must, primarily, look to ascertain what action the board of school directors took in this matter. . . . Now let us see if there is anything in the proceedings of the board under those dates to constitute a foundation for the action of the directors in issuing the bonds. The only thing in the record of August 2d, bearing on the subject is: 'Ordered that notices be

posted calling meeting of voters for the purpose of changing site, selling old house, making appropriation of $3,789 or one per cent on assessed valuation, leaving proceeds arising from sale of present house for seating new house.' That is all there is in this record to support the claim that this board ordered a meeting of the voters to be held on August 28th to consider the proposition to authorize the board to borrow $3,500 to build a schoolhouse and issue bonds to secure the payment thereof. The order of the board does not name a date on which the meeting of the voters is to be held, and it makes no reference to borrowing money. It refers to making an appropriation, but for what purpose is not stated. The statute imposes on the clerk the manual labor of signing and posting the notices, but it does not clothe him with authority to order a meeting of the voters or to designate the day on which an election shall be held. The board alone had authority to do that, but in this instance omitted to do it."

It is our duty to follow the decisions of the Supreme Court, and under the authority of the case above quoted from, we hold that the order of the board made March 12, 1907, was insufficient in not specifying the place for the election, and on that order the secretary was not authorized to submit the proposition of furnishing the schoolhouse and purchasing a site for the new building.

We do not believe the board was authorized to use the money derived from the sale of the bonds in erecting a new schoolhouse on the old site. The law provides that the board may, when authorized by the voters, issue bonds to purchase a site. [Laws 1903, page 266.] At the election the voters authorized the board to purchase a site and erect the new schoolhouse thereon. In erecting the new building on the old site the board was not carrying out the will of the voters expressed by their ballots.

The respondents maintain that the directors have no authority to establish a school of higher grade than the primary one until they have divided the district into wards and established primary schools therein.

The referee in his conclusions of law, in our judgment clearly and correctly disposes of this point as follows: "It is contended by plaintiffs that the board of directors have no authority to build an additional schoolhouse on a site when one has been built and is standing. Section 9865, Revised Statutes 1899, is made the basis of this contention. The section provides that the board may establish a school of higher grade than the primary one. The statute is silent as to the erection of a high school building and because silent, the contention is that school boards are without authority to erect a high school building or a building to be used exclusively by the higher grade. The statute should receive a reasonable construction. Such a construction, I think, would authorize school boards of districts organized under article 2, chapter 154, Revised Statutes 1899, to build additions to a primary school building when the necessities of the district do not demand a division of the district into a primary or ward schools, but prohibits the erection of more than one primary school building on one school site. I think also that the authority to establish a high school carries with it the authority to provide a home for the school and to erect a building for the purpose on ground owned or to be acquired by the district.

It is shown that the additional building contracted for is to be used as a high school building, and I think the board of directors might have erected such a building on Block 20, if that proposition had been submitted to and favorably voted on by the voters of the district."

By the terms of the judgment the appellants are forever, jointly and severally, restrained from erecting the schoolhouse on the old site. This was the relief

prayed for, but as the court found the facts and declared the law, the injunction is too broad. We will modify the judgment so as to enjoin the school directors, appellants, and each of them, from using any money obtained or authorized by the election of April 2, 1907, in erecting the schoolhouse. With this modification, the judgment is affirmed. All concur.