CHARLES C. YOUNG, et al., Appellants, v. CONSOL-
IDATED SCHOOL DISTRICT NO. 3 et al., Re-
spondents.

**Springfield Court of Appeals, June 23, 1917.**

**SCHOOLS AND SCHOOL DISTRICTS:** Power of Board to Select Site
for High School: Statute. Under the provisions of the Buford
Rural High School Law (Laws 1913, p. 721)—referring to article
4, chapter 106, R. S. 1909,—a school board of a consolidated school
district has power to select and acquire a site for a high school, the
designation of a site by the voters being considered largely advis-
ory.

Appeal from Greene County Circuit Court.—*Hon. Arch
A. Johnson,* Judge.

AFFIRMED.

*Hamlin, Collins & Hamlin* for appellants.

*George W. Good* and *John Schmook* for respond-
ents.

STURGIS, J.—The plaintiffs, as tax payers of
the defendant school district, brought this suit by in-
junction to restrain the defendants, composing the
school board of such district, from building a school
house for a high school on what is termed the Kime
site, the contention being that another site, known as
the Appleby site, had been lawfully selected by the
voters of the district and that defendants have no power
to build elsewhere. It is conceded that the defendant
school district is lawfully organized as a consolidated
school district under the Act of 1913, Laws 1913, page
721, relating to consolidated school districts, and has
provided the funds necessary to construct the high
school building.

The real question at issue is whether in such
school districts the power to select the site for the high
school is vested in the school board or in the voters

of the district at an election held for that purpose. According to the agreed facts an election was duly held in such district at which the voters voted on the question of selecting a site for the central high school. Three cites were mentioned in the notices and voted on at such election, the Appleby site receiving a majority of the votes cast and the Kime site being a close second. It appears, however, that the notices calling the election misdescribed the Appleby site as known and understood by the voters, and in fact described a tract located one-fourth mile from the site as understood by the voters to be the Appleby site. On account of this complica- tion the board of directors determined to acquire and build the high school on the Kime site and at a meet- ing of the board action to that effect was duly taken. This suit was then instituted to restrain the school board from so doing and on a hearing the trial court rendered judgment dismissing plaintiffs' bill, from which they have appealed.

The Acts of 1913 in question, known as the Buford Rural High Schools Law, provides that when a consoli- dated school district is formed "all the laws appli- cable to the organization and government of town and city school districts as provided in article IV, chapter 106 of the Revised Statutes of Missouri, 1909, shall be applicable to districts organized under the provisions of this act." At the same session of the Legislature, Acts 1913, page 720, section 10871, being one of the sections of article IV of chapter 106 above referred to, was re-enacted so as to make certain changes not ma- terial here and provides: "The board of education of any town, city or consolidated school district shall, ex- cept as herein provided, perform the same duties and be subject to the same restrictions and liabilities as the boards of other school districts acting under the gen- eral school laws of this State.

The method of selecting sites for new school houses in consolidated school districts is therefore the same as that provided by article IV, chapter 106, Revised Statutes 1909, relating to city and town schools and such

chapter is headed: "Laws applicable to city, town and consolidated schools." The section of that article and chapter relating to selecting and procuring sites and erecting schoolhouses thereon in city and town schools is section 10869, and provides: "When the demands of the district require more than one public school building therein, the board shall, as soon as sufficient funds have been provided therefor, establish an adequate number of primary or ward schools, corresponding in grade to those of other public school districts, and for this purpose the board shall divide the school dis-. trict into school wards and fix the boundaries thereof, and the *board* shall *select and procure* a site in each newly formed ward, and erect a suitable school building thereon and furnish the same; and the board may also *establish* schools of a higher grade, in which studies not enumerated in section 10941 may be pursued."

The plaintiffs concede, as we understand, that so far as ward or primary schools are concerned the statute gives the school board and not the voters the power and authority to "select and procure a site" in each ward and erect buildings thereon; but plaintiffs contend that the power there given to "establish schools of a higher grade" does not include the selection of a site for such higher school. In view of the fact that there is no provision made in the article relating to town, city and consolidated schools for the voters to select the site of the schools of a higher grade, we think this construction of section 10869, supra, is too narrow. The Supreme Court, in State ex rel. v. Jones, 155 Mo. 570, 576, 56 S. W. 307, after referring to this section, there mentioned as section 8088, Revised Statutes 1889, and the establishment of high schools thereunder, said: "The statute vests in the qualified voters of the district of country districts, and in the directors of the city districts, full and complete discretion as to the location of the school houses (secs. 7979, 8001 and 8085, R. S. 1889)." The sections there referred to are now sec-

tions 10845, 10792 and 10866, Revised Statutes 1909. Of these sections so referred to by the Supreme Court as conferring power upon the board of directors in city, town and consolidated schools to select school sites, section 10866 is part of the article on such kind of schools and vests the government and control of same in the board of education of six members. Section 10792 is part of the article of the same chapter applicable to all schools and provides for the condemnation of sites when selected and no agreement is reached with the owner as to the price. It is significant that this section was amended in 1913, Acts 1913, page 713, by adding the words printed in italics so as to read: ''Whenever any district shall select, at the annual or any special meeting, one or more sites for one or more school houses, *or the board of education in city, town or consolidated school districts, under the provisions of the statute applicable thereto, shall locate, direct and authorize the purchase of sites for school houses, libraries, offices, and public parks and play grounds*, and cannot agree with the owner thereof as to the price to be paid for the same, or for any other cause cannot secure a title thereto, the board of directors or board of education aforesaid may proceed to condemn the same in the same manner as provided for condemnation of right of way,'' etc. This plainly implies the right of the school board, and not the voters, to select all new school house sites in city, town and consolidated districts. In Martin v. Bennett, 139 Mo. App. 237, 245, 122 S. W. 779, the court used this language with reference to locating high schools in consolidated districts: ''I think also that the authority to establish a high school carries with it the authority to provide a home for the school and to erect a building for the purpose on ground owned or to be acquired by the district ''

The case of Buchanan v. School District, 25 Mo. App. 85, is cited as holding that in city, town or consolidated schools the same as in country schools, ''not

the directors but the entire corporate body is constituted the judge of the necessity or propriety of changing the school site." That case was written when section 7146, Revised Statutes 1879, was in force and before that section was amended so as to confer on the board of directors the power now contained in section 10869, supra, to select and procure school sites. What is said in Richardson v. McReynolds, 114 Mo. 641, 646, 21 S. W. 901, about the power of the voters only to change a school site has reference to a country school district only. Moreover, the present case does not involve the power of the board of directors to change a school house site whereon a school has been previously maintained.

We hold, therefore, that the school board of the defendant district was vested with power to select and acquire a site on which to erect the high school provided for; that the designation of the Appleby site by the voters was largely advisory and, since that site was in fact never acquired by the school district, the board of directors did not abuse or exceed its powers in selecting and proceeding to acquire the Kime site and the erection of the high school thereon.

The judgment will, therefore, be affirmed. *Cox, P. J.,* and *Farrington, J.,* concur.