THE STATE ex rel. F. M. BENDER et al., Directors of Ritenour Consolidated School District, v. GEORGE E. HACKMANN, State Auditor.

In Banc, November 23, 1922.

1. **SCHOOL HOUSE SITE: Use of Grade School for High School.** To use available space in a school house erected as a grade-school building for the accommodation of high-school classes does not transform the grade-school building into a high-school building, nor determine the site of a high-school building.

2. ———: ———: **Voting Bonds.** Where a building was constructed solely for grade-school purposes in a consolidated school district and used for such purpose exclusively for years, and later, as the school expanded, vacant spaces therein were used, first, for the first-year high-school course, and later for the second, third and fourth year high-school course, this did not render the grade-school site a high-school site in such sense as to bring it within the terms of Section 11210 relating to the change of location of a school house site, in so far as a high-school site is in question, and no vote of the district is required to locate a site for the high school, and the State Auditor has no authority to refuse to register bonds of the district voted for the purpose of establishing a high school and to secure a site upon which to erect a high school building, either on the ground (a) that the district, by the course pursued and the use made of the grade building, had selected a high school site, or (b) that the district had no power to change the site without a vote of the people.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Arthur V. Lashly* for relators.

(1) The board of a consolidated district has authority to select the site of a new school building. Young v. Consolidated School District, 196 Mo. App. 419; Wadlow v. Consolidated School District, 212 S. W. 904; Kem-

per v. Long, 278 Mo. 290; Martin v. Bennett, 139 Mo. App. 237; State ex rel. v. Jones, 155 Mo. App. 570; Gladney v. Gibson, 208 Mo. App. 70, 84. (2) The board of a consolidated district of less than 5,000 inhabitants has authority to establish schools of higher grade, which includes authority to select and purchase sites and erect suitable buildings thereon and furnish the same. Sec. 11241, R. S. 1919. (3) The bonds are not a part of the indebtedness of the district until issued and sold for value. Trask v. Livingston, 210 Mo. 582; State ex rel. Clark County v. Hackmann, 280 Mo. 686.

*Jesse W. Barrett,* Attorney-General, and *Merrill E. Otis,* Assistant Attorney-General, for respondent.

(1) The motion for judgment on the pleadings, filed by relators, is an admission of the truth of the allegations of facts contained in the respondent's return, including, among others, the allegation that at the time of the special election mentioned in relators' petition the Ritenour Consolidated School District was maintaining and had theretofore established a high school at a certain location within the district and in a school building at said location, called the Ritenour School Building, and that said Ritenour School Building at said time was "the situs and location of the high school of the said Ritenour Consolidated School District, and that no election (had) been held . . . to change the location of said high school or said high school site" and that the said Ritenour School Building was at the time of said special election "the present site and location of the Ritenour Consolidated District high school." This admission settles and determines any issue of fact as to whether the action of the board of education of the Ritenour Consolidated School District was the selection in the first instance of a high school site at the time of an original establishing of a high school or was the removal of the location of an already established high school site to another location.

The issue of fact being thus disposed of by the pleadings, the issue of law remaining is as to whether a board of education of a consolidated school district with a population of less than five thousand may change the location of a high school without having first submitted that question to the voters of the district. The position of respondent is that the board of education does not have that power and that, therefore, the special election for the issuance of bonds referred to in relators' petition was void and without effect. (a) The board of education of any town, city or consolidated district is subject to the same restrictions as the board of common school districts, except where its powers are specifically enlarged by statute. Sec. 11243, R. S. 1919. (b) The qualified voters of a town, city or consolidated school district have a right to vote upon all questions provided by law for submission at annual school meetings. Sec. 11251, R. S. 1919. (c) One of the questions which the general laws provide must be submitted to the qualified voters of a school district is any proposition to change the location of a school house site. Sec. 11210, R. S. 1919. (2) When the high-school course was authorized and instituted by the school board, the school board of that district "established" the Ritenour High School. The motion for judgment admits that that was done years ago. Any power to select a site and erect a building which the board had in connection with the establishing of this high school must have been exercised at the time of the establishing of the high school. Self-evidently a power which is merely incidental to another and principal power cannot be exercised after the principal power has been finally exercised. Sec. 11241, R. S. 1919; Kemper v. Long, 278 Mo. 293. (3) Admitting that the power to establish a high school carries with it as an incident the power to locate that high school, either that power can be exercised but once (and thereafter the question is not one of location but of change of location) or it can be exercised repeatedly. One of these alternatives must be the law. If the former, then in the instant

case the power to locate the high school was exhausted when, at the time of its establishment, its situs was fixed in the Ritenour School Building. If the latter alternative is declared for, then a school board in a consolidated school district may at will change the location of the high school. To adopt the latter alternative is to read into the statute (Section 11241) by judicial construction what is not only absolutely foreign to anything expressed or implied therein but what is directly contrary to the legislative policy of the State.

JAMES T. BLAIR, J.—Mandamus. The purpose of this proceeding is to compel the State Auditor to register certain bonds of the Ritenour Consolidated School District of St. Louis County.

It is admitted that the district in question was organized in the year 1907 or prior thereto, and in 1907 erected "what is known as the Ritenour School Building as a grade school;" that the building, thus erected for grade-school purposes, was used solely for such purposes until 1910, and in that year the district began to use certain portions of the building, not then needed for the accommodation of the grades, for classes in studies equivalent to the first-year high-school course; that in 1914 the district began to use other space in the building, available for like reason, for classes pursuing second-year high-school studies; that in 1916 additional space, available because not needed for grade classes, was utilized for teaching studies pursued in the third and fourth years of high school, and that this use has been continued until the present time. There was a previous effort to vote bonds in 1921, but it seems it was thought that some irregularities rendered that action void, and the second effort, in 1922, resulted in the requisite majority for the bonds, and this proceeding is designed to secure their registration.

Respondent contends that (1) the district, by the course pursued and the use made of the building had

selected a high-school site, and (2) that the district had no power to change the site without a vote of the people.

It is admitted that the district's only school building was constructed solely for grade-school purposes and used for such purposes exclusively for years. In this it is necessarily implicated that the money used in constructing that building was neither raised nor used for the purpose of purchasing a high-school site or ercting a high-school building. The use of the vacant space in the grade-school building for high-school purposes could not transform the grade-school building, in whole or in part, into a high-school building. Neither could it render the grade-school site a high-school site in such sense as to bring it within the terms of Section 11210, Revised Statutes 1919, relating to the change of location of a school-house site insofar as a high-school site is in question. The grade-school house is to be left where it is. The need for a high-school site and building has arisen. The power to establish a high school and to secure a place to house it is given by the statute, Section 11241, Revised Statutes 1919. This includes the power to rent a place for the school. [Kemper v. Long, 278 Mo. l. c. 292 et seq.] The Ritenour High School has been established in the sense that the school, itself, has been brought into being, but no site for it has been selected in the sense of the section to which reference has already been made. Available vacant space has been used in a building on a site erected and purchased and devoted by the use of public money to the housing of the grades, a purpose which excludes the taking of either building or site for high-school purposes except insofar as the unused space might be available until the expansion of the grades would require it. In such circumstances it cannot successfully be contended the grade-school building could be used by the high school to the exclusion of the grades. In our opinion the purpose of the directors does not fall within the class upon which a vote of the district is required.

This disposes of the questions presented by respondent in his brief. In this case we think none other need be discussed. The alternative writ is made peremptory. All concur.