JOHN L. VELTON ET AL., APPELLANTS, v. SCHOOL DISTRICT OF SLATER ET AL., RESPONDENTS.*

Kansas City Court of Appeals. May 21, 1928.

998

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 943, n. 88.

*S. B. Burks* and *A. R. James* for appellant.

*Rich, Storts & Storts* and *A. B. Hoy* for respondent.

BLAND, J.—This is a suit brought by four resident taxpayers and patrons on behalf of themselves and all other resident property owners, taxpayers and patrons similarly situated in the Slater school district, to enjoin defendants, members of the school board of said district and the "superintendent of public schools" of the district, from moving the grade school in said district to the high school building therein and moving the high school from said district to the grade school building. The court sustained general and special demurrers to the petition and, as plaintiffs declined to plead further, their petition was dismissed. Plaintiffs have appealed.

The petition alleges that the school district of Slater is duly organized under the provisions of article 4, chapter 102, Revised Statutes 1919, and that the defendants except the defendant, Willard E. Gosline, compose the members of the board of education thereof and that defendant, Gosline, is the "superintendent of public schools" of said district; that said school district contains approximately two square miles with a total population of approximately 4500 people and has approximately 924 children of school age; that for many years the grade school building belonging to said district has been used con-

tinuously and exclusively for elementary pupils of the grade school; that said building is located near the center of the school district and is accessible to all the children therein; that said school building was erected to replace an older grade school building and from a bond issue voted by the voters of said district, which were voted and issued for the erection of a school building to be used for grade purposes and to be thoroughly equipped and especially suitable and adapted to the needs of an elementary or grade school; that the high school building, situated on a separate site, was constructed in the year 1905, and prior to the new grade school building, out of funds arising from a bond issue voted by the people of said district for the erection and construction of a building to be used for high school purposes; that said high school building so erected and constructed was especially suitable and adapted to the needs of high school pupils, containing rooms, a library and physical equipment peculiarly adapted to the needs of high school pupils; that since said building was constructed it has been continuously and exclusively used for a high school.

The petition further alleges that said high school building is not centrally located nor is it properly equipped for the elementary grades; that it is located in the western part of the school district and is not easily accessible to the pupils of the grade school and if the grade school is moved to the high school building, it will necessitate a large number of small children of tender age traveling a much greater distance to attend school, that is, from one extreme eastern limit of said district to the western limit thereof, and will work an irreparable hardship upon them; that the location of the grade school in said high school building and *vice versa* was never contemplated by the voters of said district when they voted for the erection of said high and ward school buildings; that if said grade school is removed to said high school building, it will be injurious to the welfare and health of said grade school children; that the contemplated removal of said grade school to the high school building is contrary to the original purpose for which said buildings were constructed and that such removal on the part of the defendants would be arbitrary, unreasonable, contrary to law and wholly beyond the authority of the defendants so to do.

It is insisted that the court erred in sustaining the demurrers to the petition. We understand plaintiffs' contention in this respect to rest upon three propositions; first, that under the law the board of directors have no right to remove the grade school to the high school building and *vice-versa;* second, that the voters of the district voted bonds for the erection of each of said school buildings to be used for the respective purposes that they are now being used, to-wit, a grade school and a high school, therefore, it would be con-

trary to law to permit a diversion of the use of the buildings for purposes other than that for which the money was raised; and, third, that, even though it should be held that the board of directors have the power to remove a grade school to a high school building, they are about, in this instance, to abuse their discretion.

In the first place it is suggested that the statute gives no authority to the board of education in districts of the kind we are now dealing with, to change the site of any school building in the district to another site; that this can be done only by the voters in the district. There is no merit in this contention. [Gladney v. Gibson, 208 Mo. App. 70.] There is nothing in the case of State ex rel. Bender v. Hackmann, 295 Mo. 453, or State ex rel. v. Turnage, 217 Mo. App. 278, contrary to this statement of the law. These cases hold no more than that a grade school must be first provided before a high school and that grade pupils cannot be ousted from their school to make way for high school pupils unless another place for the grade school pupils is provided. [See, also, State ex rel. v. Jones, 155 Mo. 570; sec. 11241, R. S. 1919.] We are, therefore, of the opinion that the board of directors of the Slater school district has full power, so long as there is no abuse of its discretion, to change the location of the grade school and remove the pupils of the high school to the grade school building, provided the grade school pupils are taken care of. [Gladney v. Gibson, supra.] The legislature gave power to this school district to establish both the grade and high schools. [See. 11241.] Of course, the grade school must be the first consideration, that is to say, the grade school pupils must be taken care of first. [State ex rel. v. Jones, supra; State ex rel. Bender v. Hackmann, supra; State ex rel. v. Turnage, supra.] However, there is nothing in the statute preventing the use of a grade school building for high school purposes and a high school building for grade school purposes so long as the grade schools are taken care of; in fact, there is no distinction made in the statute between the buildings to be used for high and grade schools. The school board has the right to move either the grade or the high school; it is a discretionary matter with them and so long as that discretion is not abused it cannot be interfered with by the courts. It was said in the case of State ex rel. v. Jones, supra, l. c. 576—

"The statute vests in the qualified voters of the district of country districts, and in the directors of the city districts, full and complete discretion as to the location of the school houses (secs. 7979, 8001 and 8085, R. S. 1889), and in the directors the power to sell school property no longer needed for the use of the district. [Secs. 8088 and 8878, R. S. 1889.]

"Where a discretion is vested in a public officer the courts will by mandamus compel the officer to exercise that discretion, but will

not direct how it shall be exercised or what conclusion or judgment shall be reached."

As to the understanding of the voters when they were voting bonds for the grade and high school buildings, that bonds were voted for the erection of a building for a particular purpose, there is no allegation that the board has diverted any of the funds so voted. According to the petition the grade school building was constructed for a grade school and has been devoted for many years to the grades, and the high school building was constructed for a high school in the year 1905 and has since that time been devoted to high school purposes. It may possibly be that had a proposition been submitted to the voters to erect a *high school building* on the site where the grade school building is now situated and bonds were voted for that purpose and the school board had attempted to erect with the money a building for *grade school* purposes where the high school building is now situated, the board of directors could have been enjoined from so doing by a suit brought as this suit, but such is not the situation here. Neither is there any allegation in the petition that the board of directors, after having submitted the propositions of constructing the grade and high school buildings and, in fact, had constructed such school building, that at the time of the submission of either of the bond propositions intended to deceive the voters by procuring the funds for the purpose of erecting one kind of a building with the secret intention entertained by the board of erecting another kind, and, in fact, to exchange the use of such buildings. It is not necessary for us to say that even this could not be done lawfully; we are merely attempting to point out that that is not the situation in the case at bar. The statute, section 11241, Revised Statutes 1919, permits the directors of a school district such as the one involved here, to locate and change the location of school and schoolhouses in said district and gives them authority to sell school property no longer intended for the use of the district. When the bonds were voted the voters knew of the right of the board to change the location of schools in the district and were not deceived. .

The board of directors has full discretion in the matter of changing the schools and schoolhouses in this district, and it appears that after the expiration of many years subsequent to the erection of the two buildings that the board, for some reason or reasons, good and sufficient to themselves, have decided to move the grade school to the high school building and the high school to the grade school building. We cannot interfere with their discretion in the matter. Aside from this, so long as both buildings are continued to be used for school purposes (no distinction between the two being made in the statute) there is not in the proposed interchange of pupils such a diversion

of the use of the buildings as would warrant interference by the courts.

Of course, the board having a right to locate the buildings, the matter of convenience to the pupils was one peculiarly within the discretion of the school board. While some of the grade school pupils may be inconvenienced after the change is made, and it is not stated what proportion of the grade pupils will be inconvenienced, the law, contrary to the contention of plaintiffs, makes no distinction as to the two classes of pupils in this regard. No allegation is made in reference to the center of school population in this district. It may be that, taking the school children as a whole, the convenience of the majority may be better served by exchanging the pupils as proposed.

As to the adaptability of the high school building for grade school pupils and the grade school building for high school pupils, and the fact that the former was equipped for high school pupils and the latter for grade school pupils, there is nothing suggested showing that the board cannot change and re-equip the two buildings, with reasonable expense, for the specific purpose for which they desire to use them. We think the matter of changing the two schools is one peculiarly within the discretion of the school board. [State ex rel. v. Jones, supra; State ex rel. v. Turnage, supra; Baker v. Davis, 227 S. W. 534; Pickler v. Board of Education, 149 N. C. 221; Venable v. School Committee, 149 N. C. 120; Molacek et al. v. White et al., 31 Okla. 693, 703.] In the case of Sarratt v. Cash et al., 103 S. C. 531, 536, 537, it is said—

" 'When the exercise of judgment and discretion is vested, either by law or contract, in an individual or governing body, a reservation is implied that it must be exercised in good faith and reasonably. In determining whether it has been so exercised, the court will not substitute its judgment for that of the individual or body in whom the discretion has been vested. In such a case, the inquiry is: Does the action under consideration fail to measure up to any fair test of reason? If the facts and circumstances are such that reasonable men may differ as to the wisdom and expediency thereof, the judgment and discretion of those vested with authority to decide must be upheld. It follows that a very clear case of abuse of discretion must be made out to warrant judicial interference.' "

We think that the facts alleged in the petition fail to show that the board is about to abuse the discretion vested in it.

The judgment is, therefore, affirmed. *Arnold, J.,* concurs, *Trimble, P. J.,* absent,